## Charles Emerick *v.* Monaco and Sons Motor Sales, Inc., et al.

Wynne, C. J., Baldwin, Daly, King and Covello, Js.

Argued January 9—decided February 13, 1958

*Frank W. Daley,* for the appellants (defendants).

*Robert B. Cohen,* with whom, on the brief, were *Morton E. Cole* and *Cyril Cole,* for the appellee (plaintiff).

DALY, J. This is an appeal by the defendants from a judgment of the Superior Court sustaining the plaintiff's appeal from a finding and award of the workmen's compensation commissioner for the first district denying compensation for claimed partial incapacity.

The parties have stipulated that the facts are as follows: On March 16, 1956, the plaintiff received a compensable injury to his back while he was employed by the named defendant. The other defendant is the named defendant's insurer. At the time of his injury, the plaintiff was employed regularly on two different jobs. He worked as a tester on the night shift at Pratt and Whitney Aircraft. For that work he was paid an average weekly wage of $100. He was also employed, during the daytime, by the named defendant, hereinafter called the defendant, as a driver of a delivery truck, and for this work he received an average weekly wage of $50. The job with the aircraft company was his principal one. He worked for the defendant to supplement his income. The insurer provided medical care and attention for the plaintiff's injury. The plaintiff was able to continue working for the aircraft company while he was receiving medical treatment from March 16 to June 18, 1956. The doctors attending him did not, however, permit him to work for the defendant during that period. The court concluded that he was partially, not totally, incapacitated, within the meaning of the Workmen's Com-

pensation Act, since he was able to continue to work for the aircraft company and that, for the period during which he received medical treatment, he was entitled to a weekly compensation of $30, that is, 60 per cent of the difference between $150, his total average weekly earnings from both employments before the injury, and $100, the amount he received each week from the aircraft company after the injury.

The defendant maintains that the court erred in failing to conclude that under the relevant portions of §§ 3044d and 3045d of the 1955 Cumulative Supplement to the General Statutes,[1] the plaintiff was not entitled to compensation for partial incapacity. This contention is based upon the claim that, since he earned $100 each week for his work at the aircraft plant after he was injured, he was able to earn more than the weekly wage of $50 which he had received from the defendant before he was injured.

Section 3044d provides for a weekly compensation

[1] "Sec. 3044d.  COMPENSATION FOR PARTIAL INCAPACITY.  If any injury for which compensation is provided under the provisions of this chapter shall result in partial incapacity, there shall be paid to the injured employee a weekly compensation equal to sixty per cent of the difference between his average weekly earnings before the injury and the amount he is able to earn thereafter. Such compensation shall in no case be more than forty dollars weekly and shall continue during the period of partial incapacity, but no longer than seven hundred and eighty weeks. If the employer shall procure for an injured employee employment suitable to his capacity, the wages offered in such employment shall be taken as the earning capacity of the injured employee. . . .

"Sec. 3045d.  DETERMINATION OF AVERAGE WEEKLY EARNINGS.  For the purposes of this chapter, the average weekly wage shall be ascertained by dividing the total wages received by the injured workman from the employer in whose service he is injured during the twenty-six calendar weeks immediately preceding that during which he was injured, by the number of calendar weeks during which, or any portion of which, such workman was actually employed by such employer . . . ."

to the injured employee equal to 60 per cent of "the difference between his average weekly earnings before the injury and the amount he is able to earn thereafter." The word "earnings" is defined as "any economic good to which a person becomes entitled for rendering economic service." Webster's New International Dictionary (2d Ed.). Before the injury, the plaintiff was entitled to two separate and distinct remunerations—one, the weekly wage he received from the aircraft company, and the other, the weekly wage he received from the defendant. After the injury, during the period from March 16 to June 18, 1956, he was deprived of the weekly wage he had been able to earn by working for the defendant. The defendant contends that, under the provisions of the Workmen's Compensation Act, if an injured workman has two concurrent employers, "his average weekly earnings before the injury" (§ 3044d) are the average weekly wage received by him "from the employer in whose service he is injured" (§ 3045d) and that "the amount he is able to earn thereafter" (§ 3044d) is the average weekly wage he continues to receive from his other employer after the injury. This contention is without merit.

The words "average weekly earnings" are not defined by statute. In *Thibeault* v. *General Outdoor Advertising Co.,* 114 Conn. 410, 412, 158 A. 912, we said: "We have no provisions in our statutes defining the meaning of the word 'earnings.' The purpose of the weekly compensation allowed for partial incapacity is to make the employee good to the extent of one half the earnings of which he has been deprived by the injury and the basis of the award is the resulting loss or impairment of earning power." The controlling statute in effect when that case was decided in 1932, § 5237 of the Revision of

1930, provided that "[i]f any injury . . . shall result in partial incapacity, there shall be paid to the injured employee a weekly compensation equal to half of the difference between his average weekly earnings before the injury and the amount he is able to earn thereafter."

As the plaintiff had no earnings as a driver of a delivery truck during the period of his partial incapacity, he was entitled to a weekly compensation equal to the statutory percentage of the weekly earnings of which he was deprived by the injury. His resulting loss from the injury was the impairment of his earning power in that employment. Obviously, if the "average weekly earnings" before the injury are determined on the basis only of the average weekly wage received by the plaintiff from his employment as a delivery truck driver, the employment in which he suffered the injury, reason and fairness demand that "the amount he is able to earn thereafter" should likewise be limited to wages from that employment—or, if he is forced into another occupation because of his injury, wages realized from that substitute employment. *Matter of Brandfon* v. *Beacon Theatre Corporation,* 300 N.Y. 111, 114, 89 N.E.2d 617.

The plaintiff was entitled, under the act, to weekly compensation in an amount equivalent to 60 per cent of "the earnings of which he has been deprived by the injury and the basis of the award is the resulting loss or impairment of earning power." *Thibeault* v. *General Outdoor Advertising Co.,* supra. The amount of the "average weekly earnings" of which he was deprived is $50. Sixty per cent of that sum is $30, the amount of the weekly compensation which he was entitled to receive for the period during which he was not able to work as a delivery

truck driver. The court's decision was based upon the wrong ground. However, its conclusion that the plaintiff was entitled to a weekly compensation in the amount of $30 was correct. That the court relied upon a wrong theory does not render the judgment erroneous. *Malone* v. *Steinberg,* 138 Conn. 718, 723, 89 A.2d 213. We can sustain a right decision although it may have been placed on a wrong ground. *Clark* v. *Shaw,* 143 Conn. 114, 117, 119 A.2d 912.

There is no error.

In this opinion the other judges concurred.