JAMES F. STAPLETON ET AL. *v.* CARMELLA LOMBARDO ET AL.

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued January 7—decided February 25, 1964

*Richard I. Steiber,* for the appellants (plaintiffs).

*Alfred R. Belinkie,* with whom, on the brief, was *Paul L. Blawie,* for the appellees (defendants Lombardo).

*Carl D. Eisenman,* assistant attorney general, with whom, on the brief, was *Harold M. Mulvey,* attorney general, for the appellee (defendant liquor control commission).

ALCORN, J.  This case is a sequel to *Stapleton v. Zoning Board of Appeals,* 149 Conn. 706, 183 A.2d 750.  The basic facts appear in the opinion in that case and need not be repeated.  After the decision, the Lombardos carried out their declared intention to seek the liquor control commission's approval of the removal of their restaurant liquor permit to a new location under the 1961 amendment to General Statutes § 30-52.  Public Acts 1961, No. 468.  The commission found hardship to exist under the statute and approved the defendants' removal of their permit to the new location.  From that decision the plaintiffs have no right of appeal.  General Statutes §§ 30-52, 30-60; *Newington v. Mazzoccoli,* 133 Conn. 146, 153, 48 A.2d 729.  The plaintiffs then brought the present action, seeking an injunction restraining the commission from "endorsing approval" of the Lombardo application, an injunction restraining

the Lombardos from conducting a restaurant at the new permit location, and a finding that § 30-52 of the General Statutes is unconstitutional, and asking the court "to direct the defendant, Liquor Control Commission," to deny the Lombardos' removal application. The court denied the relief requested, and the plaintiffs have appealed.

The case was presented in the court below on the record of the proceedings before the commission. No testimony was offered, no finding was made, and the procedure by which the commission's record was laid before the court does not appear. The plaintiffs' action is one in equity for injunctive relief. The issue of constitutionality is incidental thereto. The plaintiffs sue in the status of taxpayers and owners of real property in Bridgeport. To obtain the injunctive relief sought, the plaintiffs were required to allege and prove irreparable injury. *Lawlor* v. *Merritt,* 81 Conn. 715, 721, 72 A. 143; *Aetna Life Ins. Co.* v. *Richmond,* 107 Conn. 117, 121, 139 A. 702; *Lazarevich* v. *Stoeckel,* 117 Conn. 260, 263, 167 A. 823; *Bassett* v. *Desmond,* 140 Conn. 426, 430, 101 A.2d 294. Their complaint, however, does not allege irreparable injury. Instead, it alleges only that they are aggrieved by the commission's action, an allegation which is not the equivalent of an allegation of irreparable injury. *Kamerman* v. *LeRoy,* 133 Conn. 232, 237, 50 A.2d 175. Not only do the plaintiffs fail to allege irreparable injury but they have failed to offer any evidence to prove the basic elements necessary to entitle them to the relief sought. *Holt* v. *Wissinger,* 145 Conn. 106, 113, 139 A.2d 353. The record before us therefore is one in which the plaintiffs purport to state a cause of action as to which they have the burden of proof. Their complaint omits an essential allega-

tion, and they have failed to offer any evidence to establish the disputed allegations which are made or to prove their right to the relief sought. *Benson v. Housing Authority,* 145 Conn. 196, 203, 140 A.2d 320. The case could, and should, have ended in a judgment for the defendants on those grounds in the trial court. That the court relied on a wrong theory does not render the judgment erroneous. We can sustain a right decision although it may have been placed on a wrong ground. *Emerick* v. *Monaco & Sons Motor Sales, Inc.,* 145 Conn. 101, 106, 139 A.2d 156.

There is no error.

In this opinion the other judges concurred.