# THE JEWISH HOME FOR THE ELDERLY OF FAIRFIELD COUNTY, INC. *v.* J. MICHAEL CANTORE, JR., CONSERVATOR (PERSON AND ESTATE OF DIANA KOSMINER), ET AL.
## (AC 18515)

Schaller, Spear and Stoughton, Js.

Argued December 1, 1999—officially released May 30, 2000

*Elizabeth J. Stewart*, with whom were *Martha Everett Meng* and, on the brief, *April Lieberman*, for the appellant (plaintiff).

*James J. Farrell*, for the appellees (defendants).

*Opinion*

STOUGHTON, J. The plaintiff, The Jewish Home for the Elderly of Fairfield County, Inc., appeals from the judgment rendered after the trial court granted the motion filed by the defendants, J. Michael Cantore, Jr., and Continental Casualty Company (Continental), to strike the plaintiff's complaint. On appeal, the plaintiff claims that the court improperly (1) determined that the complaint for breach of the probate bond consisted of a negligence cause of action and (2) failed to determine that the complaint stated a legally sufficient cause of action for breach of the probate bond.

The plaintiff argues that Cantore, as conservator of the person and the estate of Diana Kosminer, breached his fiduciary duty by failing to provide for Kosminer's care and maintenance because that failure could have resulted in her being discharged from the plaintiff's facility. Kosminer was admitted to the facility as a patient in 1989 and resided there until her death in 1995. The plaintiff further argues that his three year delay in spending down Kosminer's assets and completing the medicaid application process delayed her medicaid eligibility and cost the estate and the plaintiff thousands of dollars. Although we conclude that the trial court

incorrectly viewed the complaint as an action sounding in negligence, we nevertheless affirm the judgment of the trial court.[1]

"In an appeal from a judgment granting a motion to strike, we operate in accordance with well established rules. Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling on the defendants' motions is plenary. See *Napoletano* v. *CIGNA Healthcare of Connecticut, Inc.*, 238 Conn. 216, 232–33, 680 A.2d 127 (1996) [cert. denied, 520 U.S. 1103, 117 S. Ct. 1106, 137 L. Ed. 2d 308 (1997)]. . . . [W]e take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. *Bohan* v. *Last*, 236 Conn. 670, 674, 674 A.2d 839 (1996); see also *Mingachos* v. *CBS, Inc.*, 196 Conn. 91, 108–109, 491 A.2d 368 (1985). Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. *Waters* v. *Autuori*, 236 Conn. 820, 826, 676 A.2d 357 (1996). Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged. *Clohessy* v. *Bachelor*, 237 Conn. 31, 33 n.4, 675 A.2d 852 (1996). . . . *Knight* v. *F. L. Roberts & Co.*, 241 Conn. 466, 470–71, 696 A.2d 1249 (1997)." (Internal quotation marks omitted.) *Pamela B.* v. *Ment*, 244 Conn. 296, 307–308, 709 A.2d 1089 (1998).

For purposes of this appeal, we take as true the following facts alleged in the complaint. See *Sassone* v. *Lepore*, 226 Conn. 773, 780, 629 A.2d 357 (1993). On June 8, 1987, the Court of Probate for the District of Stamford duly appointed Cantore as conservator of the

---

[1] "We can sustain a right decision although it may have been placed on a wrong ground." *Stapleton* v. *Lombardo*, 151 Conn. 414, 417, 198 A.2d 697 (1964).

person and estate of Kosminer, then an alleged incapable person, and as such, he was responsible for her financial affairs. As a condition of his conservatorship appointment, on May 19, 1987, Cantore, as principal, and Continental, as surety, executed and filed with the Probate Court a $50,000 probate bond payable to the state of Connecticut. As a condition of the probate bond, Cantore agreed to perform his duties as conservator faithfully according to law.

In the complaint, the plaintiff alleged that as conservator of Kosminer's estate and person, Cantore had a fiduciary duty to use her income and assets to pay for the cost of her care and services rendered and, further, to make prompt application for Title XIX (medicaid) assistance on her behalf when those assets approached $1600.[2] On August 29, 1989, Cantore arranged to have Kosminer admitted to the plaintiff's facility as a private, self-pay patient. While there, she received care and services as a patient until her death on August 29, 1995. During Kosminer's stay in the facility, Cantore retained access to and control over her income and assets. At the time of her admission to the plaintiff's facility, Kosminer's assets were more than $160,000. On May 2, 1990, November 5, 1991, and January 15, 1992, Cantore filed applications with the department of income maintenance (department) on behalf of Kosminer for medicaid assistance. The first application was denied because Cantore failed to provide the department with the standard verification of asset information.[3] The second application was denied because Cantore failed to provide the department with the requested verification of asset information. The third application was denied

[2] The plaintiff also alleged that Cantore had a duty to provide all information requested by the department of income maintenance (now known as the department of social services) in accordance with its deadlines.

[3] The plaintiff further alleges that following this initial denial, Cantore failed to appeal promptly from the denial or to take appropriate action to obtain medicaid assistance for Kosminer.

because the value of stocks owned by Kosminer exceeded the $1600 threshold for medicaid assistance. On June 20, 1992, Cantore liquidated Kosminer's assets to below the $1600 program limit for medicaid eligibility. Thereafter, Cantore filed a fourth application for medicaid assistance, which was granted in August, 1992.

The plaintiff brought this action on the probate bond as an unpaid creditor of Kosminer. In the complaint, the plaintiff alleged that it was owed $63,000 as a result of Cantore's breach of his fiduciary duty.

I

The plaintiff claims that in granting the defendants' motion to strike, the court improperly construed the complaint for breach of the probate bond as a negligence cause of action. We agree with the plaintiff.

The court construed the complaint as an action seeking damages for Cantore's negligence rather than as an action on the probate bond because, as the court noted, the plaintiff alleged that Cantore breached his fiduciary duty to Kosminer by failing to provide certain information to the department and negligently failing to liquidate her assets to obtain medicaid assistance. The court decided that Cantore did not owe a fiduciary duty to the plaintiff to liquidate Kosminer's assets to obtain medicaid assistance for her, concluded that the complaint did not plead a legally sufficient cause of action sounding in negligence and granted the motion to strike. A motion to reargue was granted, but the court refused to change its decision.

In its complaint, the plaintiff did not allege that it was owed a fiduciary duty by Cantore. The plaintiff alleged that Cantore breached his fiduciary duty to Kosminer by failing to utilize her assets to make prompt payment to the plaintiff for care and services rendered

to her. The plaintiff further alleged that Cantore breached his fiduciary duty as a result of his three year delay in spending down Kosminer's assets and completing the medicaid application process. General Statutes (Rev. to 1991) § 45a-144 (a) provides in relevant part that "[a]ny person claiming to be aggrieved by the breach of a probate bond . . . in his own right . . . may bring an action to recover for the breach in his own name [if that person meets] the following [condition]: (1) Before bringing the action, the person shall secure the consent of the judge of the court of probate in which the bond was given . . . ." As stated in the complaint, the Probate Court for the District of Stamford had specifically authorized the plaintiff's action on the probate bond by order dated August 21, 1995. We conclude that the trial court improperly construed the plaintiff's complaint as a negligence cause of action.

II

The plaintiff's second claim is that in granting the defendants' motion to strike, the court improperly failed to determine that the plaintiff's complaint stated a legally sufficient cause of action for breach of the probate bond. The plaintiff alleges that Cantore had a fiduciary duty as Kosminer's conservator to use her income and assets to pay for the cost of her care and for the services rendered to her by the plaintiff and, further, that Cantore had a fiduciary duty to make prompt application for medicaid assistance on Kosminer's behalf when her assets approached $1600. The plaintiff claimed that the complaint stated a legally sufficient cause of action entitling it to recover the sum of $63,000. We disagree.

Although the plaintiff alleged that Cantore's failure to provide for Kosminer's care and maintenance was a breach of his fiduciary duty because it could have resulted in her discharge from the plaintiff's facility,

the complaint also alleged that Kosminer received, at Cantore's request, care and maintenance at the facility until her death. Furthermore, there was no allegation that she ever was discharged or threatened with discharge. As conservator of the person, Cantore was obligated to see to Kosminer's care and maintenance so far as he was able within the limits of her assets. See General Statutes § 45a-656 (a). There was no allegation that he did not perform this duty.

Furthermore, the complaint alleged that Cantore had a fiduciary duty to make prompt application for medicaid assistance on Kosminer's behalf when her assets approached $1600. The complaint also alleged, however, that it was not until June 20, 1992, that Cantore liquidated Kosminer's assets to less than $1600. Soon thereafter, Cantore applied for medicaid assistance, which the department granted on August 20, 1992. Cantore had a duty to protect Kosminer's assets and to use them for her benefit. See *Dept. of Social Services* v. *Saunders*, 247 Conn. 686, 697, 724 A.2d 1093 (1999). There is no allegation that this duty was not fulfilled. We are aware of no authority that would require Cantore to spend Kosminer's assets more quickly than he did. See *Marcus' Appeal From Probate*, 199 Conn. 524, 536–37, 509 A.2d 1 (1986).

We conclude that the facts alleged in the complaint are insufficient to support a cause of action alleging that Cantore breached his fiduciary duty to Kosminer. Therefore, the court properly granted the plaintiff's motion to strike.

The judgment is affirmed.

In this opinion the other judges concurred.