## THE JEWISH HOME FOR THE ELDERLY OF FAIRFIELD COUNTY, INC. *v.* J. MICHAEL CANTORE, JR., CONSERVATOR (PERSON AND ESTATE OF DIANA KOSMINER), ET AL.
### (SC 16388)

Sullivan, C. J., and Borden, Katz, Palmer and Vertefeuille, Js.

---

Argued April 19—officially released August 14, 2001

*Elizabeth J. Stewart*, with whom were *Martha Everett Meng* and, on the brief, *Everett E. Newton* and *Jennifer Morgan DelMonico*, for the appellant (plaintiff).

*James J. Farrell*, for the appellees (defendants).

*Opinion*

VERTEFEUILLE, J. The sole question in this certified appeal is whether a nursing home has a right to bring an action on a probate bond when it suffers a loss as a result of a conservator's failure to ensure payment to the nursing home for his ward's care. The plaintiff, The

Jewish Home for the Elderly of Fairfield County, Inc., appeals from the judgment of the Appellate Court, affirming the judgment of the trial court granting the defendants' motion to strike the complaint. *Jewish Nursing Home of Fairfield County, Inc.* v. *Cantore,* 58 Conn. App. 1, 752 A.2d 117 (2000). We conclude that the plaintiff has a right to bring this action on a probate bond pursuant to General Statutes (Rev. to 1995) § 45a-144 (a).[1] Accordingly, we reverse the judgment of the Appellate Court.

Pursuant to § 45a-144 (a), the plaintiff, a state licensed nursing home, brought this action on a probate bond against the defendants, J. Michael Cantore, Jr., conservator of the person and estate of Diana Kosminer, and Continental Casualty Company (Continental), the surety on the bond. The trial court granted the defendants' motion to strike the plaintiff's complaint for failure to state a legally sufficient cause of action and subsequently rendered judgment for the defendants. The plaintiff appealed from that judgment to the Appellate Court. The Appellate Court affirmed the judgment

[1] Pursuant to General Statutes (Rev. to 1995) § 45a-144 (a), the revision of the statute that was in effect at the time of the relevant proceedings in this case, a person claiming to be aggrieved by the breach of a probate bond could "bring an action to recover for the breach," as long as the person first obtained consent from the Probate Court that issued the bond to bring the action. Pursuant to this statutory requirement, the plaintiff requested permission from the Probate Court for the District of Stamford before bringing the present action on the probate bond in the Superior Court. The Probate Court, pursuant to its general powers delineated in General Statutes § 45a-98, issued an order dated August 21, 1995, granting the plaintiff the necessary authorization to bring the action. Section 45a-144 was amended by No. 98-52, § 8, of the 1998 Public Acts, which repealed this consent requirement and added the option of applying to the Probate Court to recover for the breach of a probate bond. As a result, the current revision of the statute provides in relevant part: "Any person claiming to be aggrieved by the breach of a probate bond . . . may bring an action in the Superior Court or may apply to the court of probate in which the bond was given to recover for the breach . . . ." General Statutes § 45a-144 (a). References herein are to the 1995 revision of § 45a-144 (a).

of the trial court, holding that the complaint did not state facts sufficient to show that Cantore had breached any fiduciary duty that he owed to his ward, Kosminer, and, therefore, an action on the probate bond could not be sustained. Id., 7. We granted the plaintiff's petition for certification to appeal to this court.[2] We conclude that the plaintiff's complaint stated a legally sufficient cause of action under § 45a-144 (a) and therefore reverse the judgment of the Appellate Court.

The complaint sets forth the following facts. On June 8, 1987, the Probate Court appointed Cantore as conservator of the person and estate of Kosminer. Pursuant to General Statutes § 45a-139,[3] Cantore executed and filed with the court a probate bond in the amount of $50,000, naming himself as principal and Continental as surety. The bond provided that it was conditioned, as required by § 45a-139, on Cantore "faithfully perform[ing] the duties of his trust and administer[ing] and account[ing] for all monies and other property coming

---

[2] The certified issue in this appeal is as follows: "Did the Appellate Court properly conclude that the plaintiff's complaint did not state a legally sufficient cause of action?" *Jewish Home for the Elderly of Fairfield County, Inc.* v. *Cantore*, 254 Conn. 916, 759 A.2d 506 (2000).

[3] General Statutes § 45a-139 provides: "(a) As used in this title, except as otherwise provided, 'bond' or 'probate bond' means a bond with security given to secure the faithful performance by an appointed fiduciary of the duties of his trust and the administration of and accounting for all moneys and other property coming into his hands, as fiduciary, according to law.

"(b) Except as otherwise provided, every bond or probate bond shall be payable to the state, shall be conditioned for the faithful performance by the principal in the bond of the duties of his trust and the administration of and accounting for all moneys and other property coming into his hands, as fiduciary, according to law, and shall be in such amount and with such security as shall be required by the judge of probate having jurisdiction pursuant to rules prescribed by the Supreme Court. If bond is required of a fiduciary, his appointment shall not be effective until the bond has been accepted by the Court of Probate."

The requirement that a probate bond be filed upon the appointment of a conservator is found in General Statutes § 45a-650 (f), which provides in relevant part: "If the court [of probate] appoints a conservator of the estate of the respondent, it shall require a probate bond. . . ."

into his hands, as fiduciary, according to law . . . ."[4] On August 29, 1989, upon Cantore's request, Kosminer was admitted to the plaintiff's facility as a "private, self-pay" resident, where she remained until her death in 1995. At the time of Kosminer's admittance, her estate had assets of approximately $160,000. Despite the ample resources of the estate, Cantore failed to make timely payment to the plaintiff for the care and services provided to Kosminer. Instead, on May 2, 1990, more than eight months after Kosminer had been admitted to the plaintiff's facility, Cantore made an initial application on Kosminer's behalf to the department of income maintenance (department)[5] for Title XIX (medicaid) assistance, which, if Kosminer had been eligible, would have paid for the cost of her care. This initial application was denied on the ground that Cantore had failed to provide the department with information to verify that Kosminer's assets did not exceed $1600, the maximum amount permitted for medicaid eligibility.

Approximately one and one-half years after the initial application was denied, and more than two years after Kosminer had entered the plaintiff's facility, Cantore applied for medicaid benefits on Kosminer's behalf for a second time. Again Cantore failed to provide the department with the necessary asset information, and this second application was also denied. On January 15, 1992, Cantore attempted for a third time to qualify Kosminer for medicaid benefits, but this application was denied on the ground that the assets in Kosminer's estate exceeded the $1600 maximum eligibility requirement. At the time of this third application, the plaintiff had provided care and services to Kosminer for nearly

---

[1] The language of the bond was modeled after the text of § 45a-139. For the full text of § 45a-139, see footnote 3 of this opinion. The bond was attached to the complaint as an exhibit.

[5] The department of income maintenance is now known as the department of social services.

two and one-half years despite Cantore's continuous failure to make or ensure payment for those services. Cantore finally liquidated Kosminer's assets to below $1600 on June 20, 1992, and his fourth application for medicaid benefits of July 17, 1992, was granted by the department, retroactive to June 1, 1992. Although the liquidation of the estate included a payment to the plaintiff, an unpaid balance of $63,000 remained for the care and services Kosminer received from August 29, 1989, when she was admitted to the plaintiff's facility, to June 1, 1992, the date on which the medicaid benefits began to cover the cost of her care.

In its complaint, the plaintiff alleged that Cantore had a duty as Kosminer's conservator to use the assets of her estate to pay for the care and services she had received from the plaintiff. In addition, it alleged that Cantore had a duty to apply promptly for medicaid assistance when the estate's assets approached the $1600 medicaid eligibility mark. The plaintiff alleged further that Cantore's failure to pay for Kosminer's care, first from the assets of the estate and then through medicaid once those assets were depleted, constituted a breach of his fiduciary duty as conservator of Kosminer's estate and person. Finally, the plaintiff alleged that Cantore's breach of these duties cost the plaintiff $63,000, and gave it the right under § 45a-144 (a) to bring an action on the probate bond against Cantore, as the principal on the bond, and Continental, as surety.

The defendants moved to strike the complaint for failure to state a legally sufficient cause of action. The trial court, construing the action as one sounding in negligence, determined that the plaintiff had failed to satisfy the duty prong of a negligence action, because "any duty owed by . . . Cantore [was] solely to . . . Kosminer." The trial court concluded therefore that the plaintiff's complaint did not state a legally sufficient cause of action. Accordingly, the trial court granted the

defendants' motion to strike and rendered judgment for the defendants.

The plaintiff appealed from the judgment of the trial court to the Appellate Court, claiming that the trial court improperly had construed the action on the probate bond as an action in negligence and improperly had determined that the plaintiff's complaint failed to state a cause of action sufficient to withstand a motion to strike. The Appellate Court agreed with the plaintiff on the first issue, concluding that the plaintiff's complaint constituted an action on the probate bond under § 45a-144 (a), rather than an action in negligence. *Jewish Home for the Elderly of Fairfield County, Inc.* v. *Cantore*, supra, 58 Conn. App. 5–6. The Appellate Court, however, agreed with the trial court on the second issue, namely, that the plaintiff's complaint failed to state a recognized cause of action, and, as a result, affirmed the trial court's judgment for the defendants. Id., 6–7. This appeal followed.

On appeal to this court, the plaintiff argues, in essence, that: the law imposed certain duties upon Cantore, as conservator of Kosminer's estate and person; he breached those duties by failing to ensure timely payment to the plaintiff through either the estate or through public assistance; the breach of those duties constituted a breach of the probate bond; and the plaintiff was aggrieved by those breaches. The defendants respond by arguing that the plaintiff had no authority to bring an action for the breach of the probate bond because only parties acting as a representative of the estate or seeking recovery for the estate are entitled to bring such actions. We agree with the plaintiff.

The standard of review in an appeal challenging a trial court's granting of a motion to strike is well established. A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no

factual findings by the trial court. As a result, our review of the court's ruling is plenary. *Napoletano* v. *CIGNA Healthcare of Connecticut, Inc.*, 238 Conn. 216, 232–33, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103, 117 S. Ct. 1106, 137 L. Ed. 2d 308 (1997). "We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. *Bohan* v. *Last*, 236 Conn. 670, 674, 674 A.2d 839 (1996); see also *Mingachos* v. *CBS, Inc.*, 196 Conn. 91, 108–109, 491 A.2d 368 (1985). Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. *Waters* v. *Autuori*, 236 Conn. 820, 826, 676 A.2d 357 (1996)." (Internal quotation marks omitted.) *Gazo* v. *Stamford*, 255 Conn. 245, 260–61, 765 A.2d 505 (2001).

The sole issue in this appeal is whether the plaintiff has a right to bring an action on the probate bond to recover for the loss it suffered as a result of Cantore's failure to ensure timely payment for Kosminer's care. As defined by statute, a probate bond is "a bond with security given to secure the faithful performance by an appointed fiduciary of the duties of his trust and the administration of and accounting for all moneys and other property coming into his hands, as fiduciary, according to law."[6] General Statutes § 45a-139 (a). The fiduciary's faithful performance of his legal duties is the condition on which a probate bond is executed; General Statutes § 45a-139 (b); and, accordingly, the failure of a fiduciary, such as a conservator, to perform those duties faithfully results in a breach of the bond.

To decide the issue in this appeal, our inquiry is threefold. First, we must ascertain the duties that are imposed by law upon a conservator; second, we must determine whether the existence and breach of those

[6] For the full text of § 45a-139, see footnote 3 of this opinion.

duties has been alleged in the complaint in this case; and third, we must determine who is entitled to bring an action on the probate bond for the breach of those duties.

We first look to the General Statutes to ascertain the duties imposed upon a conservator. "The process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of this case, including the question of whether the language actually does apply. In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *Russell* v. *Mystic Seaport Museum, Inc.*, 252 Conn. 596, 604, 748 A.2d 278 (2000).

The statutory duties of a conservator are clearly defined in General Statutes § 45a-655,[7] which delineates the duties of a conservator of the *estate*, and General

---

[7] General Statutes § 45a-655 (a) provides: "A conservator of the estate appointed under section 45a-646, 45a-650 or 45a-654 shall, within two months after the date of his or her appointment, make and file in the Court of Probate, an inventory under penalty of false statement of the estate of his or her ward, with the properties thereof appraised or caused to be appraised, by such conservator, at fair market value as of the date of his or her appointment. Such inventory shall include the value of the ward's interest in all property in which the ward has a legal or equitable present interest, including, but not limited to, the ward's interest in any joint bank accounts or other jointly held property. The conservator shall manage all the estate and apply so much of the net income thereof, and, if necessary, any part of the principal of the property, which is required to support the ward and those members of the ward's family whom he or she has the legal duty to support and to pay the ward's debts, and may sue for and collect all debts due the ward."

Statutes § 45a-656,[8] which prescribes the duties of a conservator of the *person*. A conservator of the estate "shall manage all the estate and apply so much of the net income thereof, and, if necessary, any part of the principal of the property, which is required to support the ward and those members of the ward's family whom he or she has the legal duty to support *and to pay the ward's debts* . . . ." (Emphasis added.) General Statutes § 45a-655 (a). A conservator of the person has "the duty to provide for the care, comfort and maintenance of the ward"; General Statutes § 45a-656 (a) (4); and that duty "shall be carried out within the limitations of the resources available to the ward, either through his own estate or through private or public assistance." General Statutes § 45a-656 (a). In addition, "[w]here a statute imposes a duty and is silent as to when it is to be performed, a reasonable time is implied." *Hartley* v. *Vitiello*, 113 Conn. 74, 79–80, 154 A. 255 (1931); *Ely* v. *Bugbee*, 90 Conn. 584, 587–88, 98 A. 121 (1916).

In the present case, Cantore was conservator of both the estate and the person of Kosminer. Consequently, as provided in §§ 45a-655 (a) and 45a-656 (a), Cantore had a duty, among other things, to use Kosminer's estate to support her and pay her debts, and he had a duty to provide for her care, comfort and maintenance, either through the estate or through private or public assistance. Furthermore, Cantore was obligated to perform

---

[8] General Statutes § 45a-656 (a) provides: "The conservator of the person shall have: (1) The duty and responsibility for the general custody of the respondent; (2) the power to establish his or her place of abode within the state; (3) the power to give consent for his or her medical or other professional care, counsel, treatment or service; (4) the duty to provide for the care, comfort and maintenance of the ward; (5) the duty to take reasonable care of the respondent's personal effects; and (6) the duty to report at least annually to the probate court which appointed the conservator regarding the condition of the respondent. The preceding duties, responsibilities and powers shall be carried out within the limitations of the resources available to the ward, either through his own estate or through private or public assistance."

these duties within a reasonable time. *Hartley* v. *Vitiello,* supra, 113 Conn. 79–80. The existence of all of these duties was alleged in the complaint, and, at least with regard to Cantore's duty to pay his ward's debts, conceded by the defendants' counsel at oral argument.

Turning to the second prong of our inquiry, we must now determine whether the complaint alleged a breach of these duties. The complaint alleged that Cantore failed to make timely payment to the plaintiff for the care and services it provided to Kosminer and failed to apply for medicaid benefits on Kosminer's behalf once timely payment for the plaintiff's services had exhausted the assets of the estate. The complaint further alleged that these actions by Cantore resulted in a breach of his fiduciary duties as conservator of Kosminer's estate and person. Kosminer incurred a substantial debt as a result of the services she received from the plaintiff. Cantore's failure to pay this debt, despite the estate's ample resources, constituted a breach of his duty under § 45a-655 (a) to use the assets of the estate to pay Kosminer's debts. Furthermore, Cantore's failure to ensure timely payment to the plaintiff constituted a breach of his duty under § 45a-656 (a) to provide for Kosminer's care through the estate or through other private or public assistance. We conclude that the plaintiff properly alleged facts that, if proven, would establish Cantore's failure to fulfill his legal duties as Kosminer's conservator.

In affirming the trial court's judgment, the Appellate Court focused on Cantore's role as conservator of Kosminer's person, and more specifically, his duty to provide for her care, comfort and maintenance. *Jewish Home for the Elderly of Fairfield County, Inc.* v. *Cantore,* supra, 58 Conn. App. 7. The defendants rely in this court on the reasoning of the Appellate Court. Because the facts alleged in the complaint established that Kos-

miner was never discharged or threatened with discharge from the plaintiff's facility, the Appellate Court held there was no allegation that Kosminer ceased receiving care and, consequently, no allegation that Cantore breached his duty to provide for her care. The court then only briefly touched on Cantore's duties as conservator of Kosminer's estate, specifically his duty to protect the assets of the estate and to use them for Kosminer's benefit, and it did so without reference to any specific statutory provision. Id. The Appellate Court found nothing in the complaint that alleged a breach of these duties. Id. Accordingly, the Appellate Court concluded that the facts alleged in the complaint were insufficient to support a cause of action for breach of Cantore's fiduciary duty to Kosminer with respect to the probate bond, and affirmed the trial court's judgment. Id.

The reasoning of the defendants and the Appellate Court construes too narrowly Cantore's duty to provide for Kosminer's care, comfort and maintenance, and fails to recognize that this duty and his duty to protect the assets of her estate and use them for her benefit are but a few of the many duties imposed by law upon a conservator of the estate and person. Although the duties discussed in the Appellate Court's decision have been recognized previously by this court; *Dept. of Social Services* v. *Saunders*, 247 Conn. 686, 707–708, 724 A.2d 1093 (1999) (conservator owes duty of loyalty to ward and, as agent of Probate Court, has duty to protect estate's assets); *Murphy* v. *Wakelee*, 247 Conn. 396, 406, 721 A.2d 1181 (1998) (conservator, as agent of Probate Court, has duty to protect assets of estate); *Marcus' Appeal from Probate*, 199 Conn. 524, 529, 509 A.2d 1 (1986) (same); they are not the only duties a conservator faithfully must perform. The probate bond was conditioned on Cantore faithfully performing the duties the law imposed upon him as conservator of Kosminer's

person and estate, and the complaint clearly alleged the existence of these duties and Cantore's breach of the duties. The only inquiry remaining, therefore, in deciding whether the trial court improperly struck the complaint, is whether *the plaintiff* has a right to bring an action on the probate bond for this breach.

Section 45a-144 provides a cause of action for the breach of a probate bond. That statute provides: "Any person claiming to be aggrieved by the breach of a probate bond, as representative of the estate in connection with which the bond was given, *or in his own right* or in the right of himself and all others having an interest in the estate, may bring an action to recover for the breach in his own name . . . ." (Emphasis added.) General Statutes (Rev. to 1995) § 45a-144 (a). This statute evidences the legislature's intent to create three separate categories of potential plaintiffs in a suit on a probate bond: first, a plaintiff bringing an action "as representative of the estate"; second, a plaintiff bringing an action "in his own right"; and third, a plaintiff bringing an action "in the right of himself and all others having an interest in the estate . . . ." General Statutes (Rev. to 1995) § 45a-144 (a). To bring an action on a probate bond, a plaintiff must fall within one of these three categories.

The plaintiff is not, nor does it purport to be, bringing an action as a representative of the estate or in its own right and the right of all others having an interest in the estate. Rather, the plaintiff claims that Cantore breached the conditions of the probate bond by failing to perform faithfully his fiduciary duties as Kosminer's conservator, resulting in loss to the plaintiff, and it seeks to recover for its loss resulting from that breach. The plaintiff fits squarely in the second category of potential plaintiffs authorized by § 45a-144 (a) to bring an action on the probate bond, namely, a plaintiff suing in its own right to recover in its own name for the

breach of a probate bond.[9] Accordingly, the complaint stated a legally sufficient cause of action and the granting of the defendants' motion to strike the complaint was improper.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to reverse the judgment of the trial court and to remand the case to that court for further proceedings according to law.

In this opinion the other justices concurred.

---

[9] General Statutes § 52-117 (a), which establishes three pleading requirements for an action on a probate bond being brought by a party such as the plaintiff, provides: "(a) In any action upon a bond taken in a court of probate, not brought by a representative of the estate in connection with which the bond was given or by some person in his own behalf and that of all other persons interested in the estate, the plaintiff shall state in his complaint or reply, (1) the persons for whose special benefit the action is prosecuted, (2) how such persons are interested in the action, and (3) how the act or neglect of the defendant has injured their rights or affected their interests." There has been no claim in this case that the plaintiff failed to comply with these pleading requirements.