[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #104 FACTS
On June 26, 2000, the plaintiffs: Carmesha Meyers, Keisha White and Jovanna Daniels, filed a nine-count complaint against the defendants: Ocean Trace Development (Ocean Trace), John Lukos (Lukos), and Rozeal White.[1] This action arises out of injuries and losses allegedly sustained by the plaintiffs as a result of a motor vehicle accident that occurred on April 4, 1999.
In the complaint, the plaintiffs, Carmesha Meyers, Keisha White, and Javonna Daniels allege they were passengers in a motor vehicle operated by the defendant, Rozeal White. The defendant, John Lukos, was operating a motor vehicle owned by the defendant, as the employee/agent of Ocean Trace. The defendants were traveling through an intersection when their vehicles collided. As a result of the accident, the plaintiffs sustained various injuries and incurred medical expenses.
In counts one, three and five, each plaintiff alleges a claim of negligence against Lukos and Ocean Trace due to the negligence of Lukos as an agent of Ocean Trace. The plaintiffs allege Lukos was negligent in the following manner: traveling at an excessive rate of speed in violation of General Statutes § 14-219, traveling too fast for the circumstances in violation of General Statutes § 14-218a, failing to keep proper control of his vehicle, failing to keep a proper lookout, failing to properly apply his brakes to avoid this collision, failing to obey the directions of a traffic signal in violation of General Statutes § 14-299, and failing to yield the right of way at an intersection in violation of General Statutes § 14-245. CT Page 5590
In counts seven, eight, and nine, each plaintiff alleges a claim against Lukos and Ocean Trace for double and treble damages pursuant to General Statutes § 14-295. The plaintiffs allege Lukos was reckless in his operation of a motor vehicle in violation of General Statutes §§ 14-218a and/or 14-219.
On July 20, 2000, Lukos and Ocean Trace, filed a motion to strike the plaintiffs' claims of recklessness against them, accompanied by a memorandum in support.[2] On September 13, 2000, the plaintiffs filed an objection to the defendants' motion to strike accompanied by a memorandum in opposition.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief may be granted." (Internal quotation marks omitted.)Peter Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies, Corp.,240 Conn. 576, 580, 639 A.2d 293 (1997). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Jewish Home for theElderly of Fairfield County, Inc. v. Cantore, 257 Conn. 531, 538,778 A.2d 93 (2001). "Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505
(2001).
The defendants move to strike the plaintiffs' claims of recklessness against them on the ground that the plaintiffs have failed to sufficiently state a claim upon which relief may be granted because they failed to plead the requirements set forth in General Statutes §14-295. Specifically, the defendants assert that the plaintiffs fail to allege that the defendants violations of General Statutes §§ 14-218a
and 14-219 were a "substantial factor" in causing their injuries. (Emphasis added.)
The defendants acknowledge that there is a split among the superior courts on the issue of the standards that a plaintiff must meet to state a claim for relief under General Statutes § 14-295, but argue that the plaintiffs have failed to meet the requirements even under the more permissive standard. CT Page 5591
The plaintiffs counter that the complaint clearly states, in count one, ¶ 8, that the damages "were a result of" the defendants' negligence and carelessness. The plaintiffs argue that this language, in addition to their pleading that the defendants are liable pursuant to General Statutes § 14-295, makes it clear that they are alleging that the defendants' conduct was a substantial factor in causing their injuries.
General Statutes § 14-295, states: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234,14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property."
"The appellate courts have not had occasion to decide what degree of specificity is required in pleading recklessness under General Statutes § 14-295. The Superior Court judges are split on the issue. One line of cases, representing the minority view, holds that a plaintiff must plead the specific facts constituting recklessness, above and beyond the facts constituting mere negligence. See McGuire-Kelley v. Sciuto,
Superior Court, judicial district of New Haven at New Haven, Docket No. 428860 (October 1, 1999, Devlin, J.); Chatterton v. Infinity InsuranceCo., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 064615 (October 1, 1999, Arnold, J.). . . ." (Citations omitted.) Torres v. Jacovino, Superior Court, judicial district of Waterbury, Docket No. 150549 (May 12, 2000, Doherty, J.) "In these cases, the court generally reasons that a plaintiff who is alleging recklessness must use explicit language that informs both the court and the defendant what conduct is relied upon." (Internal quotation marks omitted.) Donaldson v. Transalliance, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 364836 (February 27, 2001, Rush, J.)
"The majority point of view, on the other hand, is that a plaintiff, in addition to pleading facts constituting negligence, need only make the general allegations mentioned in § 14-295: that the defendant has deliberately or with reckless disregard violated one of the enumerated statutes, and that the violation was a substantial factor in causing the plaintiff's injuries." Woolums v. Deveny, Superior Court, judicial district of New Haven at New Haven, Docket No. 454434 (November 7, 2001,Robinson, J.) See Haji-Ahmend v. Lake, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 162876 (September 30, 1999, CT Page 5592Hickey, J.); Plimpton v. Amerada Hess Corp., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 169861 (September 27, 1999, Karazin, J.); Mediate v. Desaavedra, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 360768 (June 22, 1999,Skolnick, J.) "The majority view is based both on an analysis of the legislative history as well as a review of the statutory language of § 14-295 itself. These cases conclude that as long as the general requirements of the statute are met, such pleading is enough to survive a motion to strike and to state a cause of action under § 14-295."Ferens v. Brown, Superior Court, judicial district of New Britain at New Britain, Docket No. 509116 (October 11, 2001, Quinn, J.).
This court agrees with the majority view: a claim under § 14-295
"may be asserted without the pleading of subordinate, supporting facts as long as the assertion otherwise satisfies the provisions of Section 14-295, and as necessary, the provisions of any of the statutes enumerated in Section 14-295 that are claimed to be violated." Lombard v. Booth,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 383637 (July 12, 2001, Stevens, J.) (30 Conn.L.Rptr. 78, 79). "General Statutes § 14-295 does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness. . . . When the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct . . ." (Citation omitted.)Donahue v. Thomas, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 161182 (February 27, 2001, Rush, J). Under either line of cases, a plaintiff must at least plead that the defendant acted with the requisite intent (recklessness) and that the defendant's conduct caused the plaintiff's injuries. See Ditillo v. Van Geerdele, Superior Court, judicial district of Waterbury, Docket No. 149690 (August 3, 1999, Gill, J.); Lombard v. Booth, supra, Superior Court, Docket No. 383637.
In order to sufficiently plead causation, however, a plaintiff is not required to specifically plead that the defendant's conduct was a "substantial factor" in causing the plaintiff's injuries. As stated by the court in Torres v. Jacovino, supra, Superior Court, Docket No. 150549, it is unnecessary to quote the language of the statute verbatim. In Torres, the plaintiff alleged, "The Defendant was negligent and careless in one or more of the following ways, IN THAT SHE . . . operated said vehicle recklessly having regard to the width, traffic and use of such highway . . . as a result of the negligence and carelessness of the Defendant . . . the plaintiff . . . suffered serious injuries. . . ." The court stated that although "[t]he plaintiff's complaint does not use the [phrase] . . . `substantial factor in causing such injury'. . . . [t]he complaint does . . . clearly contain language alleging causation. . . . CT Page 5593 So long as these elements are clearly alleged, there is no reason why a plaintiff should be required to quote the language of the statute verbatim." Id. Further, "the `substantial factor' causation standard of § 14-295 is the same as the normal proximate cause standard in a negligence action. The Supreme Court has held that `the test of proximate cause is whether the defendant's conduct is a substantial factor in bringing about the plaintiff's injuries'. . . . Given that the standards contained in the language of Sec. 14-295 are the same as ordinary recklessness and proximate cause, the plaintiff's complaint, because it includes allegations of recklessness and causation, is sufficient to support a claim for double or treble damages under § 14-295." Id. Similarly, in Santoro v. Topciu, Superior Court, judicial district of Waterbury, Docket No. 156047, (July 31, 2000, Wiese, J.), the court stated that "the defendant's argument that the second count is insufficient because it does not use the words `substantial factor' fails because the [plaintiff's] use of the phrase `direct and proximate result' is another way of pleading `substantial factor.'" See also Gionfriddo v.Taylor, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 083140, (September 27, 2000, Cremins, J.) (plaintiff's allegation that "collision was due to the [defendant's] action" satisfies causation element of § 14-295). But see Morris v. Lyskowski, Superior Court, judicial district of Waterbury, Docket No. 134825 (July 15, 1997,Doherty, J.) (1997 WL 408519) (general allegation that defendant's actions caused injuries sustained by plaintiff are insufficient to support causation element of § 14-295).
"For purposes of a motion to strike, the moving party admits all facts well pleaded. . . . Moreover, the court must construe the facts in the complaint most favorably to the plaintiff." Maloney v. Montague, Superior Court, judicial district of New Haven at New Haven, Docket No. 445159, (May 22, 2001, Devlin, J.). Counts seven, eight and nine adequately allege causation by alleging that the plaintiffs suffered damages "as a result" of the defendants' recklessness. The defendants' motion to strike is denied.
____________________ GALLAGHER, J.