[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #104
On September 21, 2001, the plaintiff, Sony Jean-Louis, filed a two count complaint against the defendant, Rosemari Arselli. This action arises out of injuries and losses the plaintiff allegedly sustained by the plaintiff as a result of a motor vehicle accident that occurred on October 4, 2000. The plaintiff alleges that the defendant's vehicle collided with the rear of his vehicle.
Count one of the plaintiffs complaint alleges the defendant was negligent in the following ways: following the plaintiffs vehicle too closely for the traffic and condition of the highway in violation of General Statutes § 14-240; operating her automobile at an unreasonable, improper and excessive rate of speed in violation of General Statutes § 14-218a; approaching the plaintiffs vehicle without reducing her speed; being inattentive and failing to keep a proper lookout; did not having adequate brakes on her vehicle in violation of General Statutes § 14-80 and failing to apply her brakes in time to avoid the collision; failing to sound her horn or give any signal of her approach; failing to turn, stop, or take any action so as to avoid striking the plaintiffs vehicle; and failing to use a reasonable degree of care in the situation.
In count two, the plaintiff alleges that the defendant acted recklessly in her violation of the above statutes and that these violations were a substantial factor in causing the plaintiffs injuries, and thus he is entitled to double and/or treble damages pursuant to General Statutes § 14-295.
The defendant moves to strike count two on the grounds that the plaintiff failed to allege sufficient facts to support a claim of recklessness under C.G.S § 14-195.
 DISCUSSION
CT Page 6127
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief may be granted." (Internal quotation marks omitted.)Peter Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies, Corp.,240 Conn. 576, 580, 639 A.2d 293 (1997). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Jewish Home for theElderly of Fairfield County, Inc. v. Cantore, 257 Conn. 531, 538,778 A.2d 93 (2001). "Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505
(2001).
General Statutes § 14-295 states: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234,14-237, 14-239, or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property."
"The appellate courts have not had occasion to decide what degree of specificity is required in pleading recklessness under General Statutes § 14-295. The Superior Court judges are split on the issue. One line of cases, representing the minority view, holds that a plaintiff must plead the specific facts constituting recklessness, above and beyond the facts constituting mere negligence. See McGuire-Kelley v. Sciuto, Superior Court, judicial district of New Haven at New Haven, Docket No. 428860 (October 1, 1999, Devlin, J.); Chatterton v. Infiniy InsuranceCo., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 064615 (October 1, 1999, Arnold, J.). . . ." (Citations omitted.) Torres v. Jacovino, Superior Court, judicial district of Waterbury, Docket No. 150549 (May 12, 2000, Doherty, J.). "In these cases, the court generally reasons that a plaintiff who is alleging recklessness must use explicit language that informs both the court and the defendant what conduct is relied upon." (Internal quotation marks omitted.) Donaldson v. Transalliance, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 364836 (February 27, 2001, Rush, J.).
"The majority point of view, on the other hand, is that a plaintiff, in CT Page 6128 addition to pleading facts constituting negligence, need only make the general allegations mentioned in § 14-295: that the defendant has deliberately or with reckless disregard violated one of the enumerated statutes, and that the violation was a substantial factor in causing the plaintiffs injuries." (Internal quotation marks omitted.) Woolums v.Deveny, Superior Court, judicial district of New Haven at New Haven, Docket No. 454434 (November 7, 2001, Robinson, J.). See also; Lombard v.Booth, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 383637 (July 12, 2001, Stevens, J.) (30 Conn.L.Rptr. 78, 79); Donahue v. Thomas, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 161182 (February 27, 2001, Rush, J.); Mediate v.Desaavedra, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 360768 (June 22, 1999, Skolnick, J.). "The majority view is based both on an analysis of the legislative history as well as a review of the statutory language of § 14-295 itself. These cases conclude that as long as the general requirements of the statute are met, such pleading is enough to survive a motion to strike and to state a cause of action under § 14-295." Ferens v. Brown, Superior Court, judicial district of New Britain at New Britain, Docket No. 509116 (October 11, 2001, Quinn, J.).
This court agrees with the majority view: a claim under § 14-295
"may be asserted without the pleading of subordinate, supporting facts as long as the assertion otherwise satisfies the provisions of Section 14-295, and as necessary, the provisions of any of the statutes enumerated in Section 14-295 that are claimed to be violated." Lombard v. Booth,30 Conn.L.Rptr. 78, 79. "General Statutes § 14-295 does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness. . . . When the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct. . . ." (Internal quotation marks omitted.) Donahue v. Thomas, supra, Superior Court, Docket No. 161182.
In count two, the plaintiff allege, "The injuries and damages suffered by the Plaintiff . . . were a result of the recklessness of the Defendant, in that she operated said motor vehicle at an unreasonable, improper and excessive rate of speed . . . in violation of § 14-218a
. . . which was a substantial factor in causing the Plaintiff's injuries in reckless disregard for the Plaintiff's safety." (Plaintiff's Complaint, Second Count, ¶ 8). The plaintiff has sufficiently pleaded a claim under General Statutes § 14-295. Therefore, the defendant's motion to strike count two is denied. CT Page 6129