[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: DEFENDANTS' MOTION TO STRIKE #110
The plaintiff, Whitney Talcott, filed her original complaint on February 15, 2001, against the defendants, Robert Neilson and Neilson 
Company,[1] alleging claims of breach of contract (count one), negligence (count two), misrepresentation (count three) and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. (count four). The plaintiff alleges that on July 23, 1999, she contacted Neilson, an a gent for Neilson Company, regarding a medical insurance policy. Neilson agreed to issue the policy to the plaintiff in exchange for a premium. The plaintiff alleges that she paid the minimum required in order for the defendants to issue the policy. On September 17, 1999, the plaintiff suffered medical expenses in the amount of $11585 and gave immediate notice of the claim to the defendants. At that time, the plaintiff alleges that the defendants informed her that the policy had not been issued.
On April 19, 2001, the defendants filed a motion to strike count four of the original complaint, arguing that the CUTPA claim was legally insufficient for failure to allege a "general business practice" in violation of the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-815 et seq. On May 25, 2001, the court,Holden, J., granted the defendants' motion to strike, stating that "[t]he complaint is devoid of allegations that indicate a general business practice of denying claims based upon the non-issuance of a policy." (Memorandum of Decision, dated May 24, 2001, p. 5.)
On June 8, 2001, the plaintiff amended her complaint. In count four of the amended complaint, the plaintiff alleges a CUTPA violation because the defendants' actions constituted a "general business practice" of failing to issue insurance policies in violation of CUIPA. The defendants filed a motion to strike count four of the amended complaint, arguing that the complaint does not allege allegations of a general business practice of denying claims based upon the non-issuance of an insurance policy. The defendants also submitted a memorandum of law in support of their motion on June 15, 2001. The plaintiff filed a memorandum in opposition on November 19, 2001, arguing that the complaint sufficiently alleges a violation of CUIPA.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270, CT Page 8203-ai709 A.2d 558, (1998); see also Practice Book § 10-39. The court will "take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Jewish Home forthe Elderly of Fairfield County, Inc. v. Cantore, 257 Conn. 531, 538,778 A.2d 93 (2001).
A plaintiff can only maintain a CUTPA count against an insurer based on unfair claim settlement practices if she alleges a violation of the standards set forth in CUIPA. Lees v. Middlesex Ins. Co., 229 Conn. 842,850-51, 643 A.2d 1282 (1994); Mead v. Burns, 199 Conn. 651, 663,509 A.2d 11 (1986); Quimby v. Kimberly Clark Corp., 28 Conn. App. 660,671-72, 613 A.2d 838 (1992). The Connecticut Supreme Court has held that a CUTPA claim based on a violation of CUIPA "[requires] proof . . . that the unfair settlement practice [has] been committed or performed by the defendant `with such frequency as to indicate a general business practice.'" Lees v. Middlesex Ins. Co., supra, 229 Conn. 850. "[C]laims of unfair settlement practices . . . require a showing of more than a single act of insurance misconduct." Mead v. Burns, supra, 199 Conn. 659. "The term `general business practice' is not defined in the statute, so [courts] may look to the common understanding of the words as expressed in a dictionary. . . . `General' is defined as `prevalent, usual [or] widespread' . . . and `practice' means `[p]erformance or application habitually engaged in . . . [or] repeated or customary action.'" Lees v.Middlesex Ins. Co., supra, 229 Conn. 849 n. 8.
While the plaintiff has conclusorily alleged that the acts complained of in connection with her claim constitute a "general business practice," she has failed to allege facts that would support this conclusion. Such conclusory statements, devoid of factual allegations, are insufficient and will not protect a pleading from a motion to strike. Mingachos v.CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985).
Here, in count four, the plaintiffs allegations pertain only to the defendants' conduct in regard to her claim for benefits. "Under the guidelines set forth in Mead v. Burns, supra, [199 Conn. 151], for a plaintiff to allege CUIPA and CUTPA violations successfully the plaintiff must allege more than a singular failure to settle a plaintiffs claim fairly." Quimby v. Kimberly Clark Corp., supra, 28 Conn. App. 672. "[A]lleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the [insurance company] in the processing of any other claim, does not rise to the level of a "general business practice' as required by § 38a-816 (6)." Lees v. MiddlesexIns. Co., supra, 229 Conn. 849. The plaintiff makes no allegations that CT Page 8203-aj the defendants have similarly failed to settle similar claims presented by other parties. See Travelers Property Casualty Ins. Co. v. Troyer, Superior Court, judicial district of Hartford at Hartford, Docket No. 580328 (September 8, 2000, Fineberg, J.) (motion to strike denied because plaintiff alleged denial of claims as to two other insureds); Nuzzo v.Nationwide Mutual Ins. Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 394015 (July 1, 1998, Silbert, J.) (trial court found that allegations of similar claims of two other people sufficient to support a general business practice). Thus, the plaintiff does not allege sufficient facts showing that the alleged acts committed by the defendants were done with such frequency as to indicate a general business practice, and, therefore, the motion to strike count four is granted.
 ___________________ White, J.