IN RE SHANNON S. ET AL.*
(7480)

SPALLONE, DALY and JACOBSON, Js.

Argued April 7—decision released July 4, 1989

*Sara R. Martin,* for the appellant (respondent father).

*Mary-Anne Mulholland,* assistant attorney general, with whom, on the brief, were *Clarine Nardi Riddle,* acting attorney general, and *Judith Merrill Earl,* assistant attorney general, for the appellee (petitioner).

PER CURIAM. The defendant father is appealing the judgment of the trial court terminating his parental

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

rights regarding his two minor children. He claims that the trial court erred (1) in failing to find that his due process rights were violated when the department of children and youth services (DCYS) denied him visitation without notice and an opportunity for a hearing, (2) in failing to find that his right to equal protection was violated when DCYS offered its services only to the mother of the children, (3) in finding abandonment without sufficient evidence, (4) in relying on General Statutes § 17-43a (d)[1] in determining his failure to rehabilitate, (5) in making certain findings pursuant to General Statutes § 17-43a (d) without a sufficient factual basis, and (6) in finding that allowing further time for the establishment or reestablishment of a parent-child relationship would be detrimental to the best interests of the children. These claims are without merit.

The trial court filed a complete and legally sound memorandum of decision incorporating the facts found

---

[1] General Statutes § 17-43a (d) provides: "Except in the case where termination is based on consent, in determining whether to terminate parental rights under this section, the court shall consider and shall make written findings regarding: (1) The timeliness, nature and extent of services offered or provided to the parent and the child by an agency to facilitate the reunion of the child with the parent; (2) the terms of any applicable court order entered into and agreed upon by any individual or agency and the parent, and the extent to which all parties have fulfilled their obligations under such order; (3) the feelings and emotional ties of the child with respect to his parents, any guardian of his person and any person who has exercised physical care, custody or control of the child for at least one year and with whom the child has developed significant emotional ties; (4) the age of the child; (5) the efforts the parent has made to adjust his circumstances, conduct, or conditions to make it in the best interest of the child to return him to his home in the foreseeable future, including but not limited to, (A) the extent to which the parent has maintained contact with the child as part of an effort to reunite the child with the parent, provided the court may give weight to incidental visitations, communications or contributions and (B) the maintenance of regular contact or communication with the guardian or other custodian of the child; and (6) the extent to which a parent has been prevented from maintaining a meaningful relationship with the child by the unreasonable act or conduct of the other parent of the child, or the unreasonable act of any other person or by the economic circumstances of the parent."

and setting forth legal conclusions made in conformity with applicable law. The trial court's decision so completely articulates the issues involved and so adequately explains the legal basis for its conclusions that it may be referred to for a detailed discussion of the facts and applicable law. See *Faith Center, Inc.* v. *Hartford,* 192 Conn. 434, 436, 472 A.2d 16, cert. denied, 469 U.S. 1018, 105 S. Ct. 432, 83 L. Ed. 2d (1984); *Hinchliffe* v. *American Motors Corporation,* 192 Conn. 252, 253, 470 A.2d 1216 (1984). Accordingly, the trial court's memorandum of decision, reported in *In re Shannon S.,* 41 Conn. Sup. 145, 562 A.2d 79 (1989), should be referred to for a detailed discussion of the facts and legal conclusions in the case.

There is no error.