IN RE MICHAEL D. ET AL.*
(AC 19606)

Spear, Mihalakos and Zarella, Js.

Argued February 28—officially released June 6, 2000

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Gregory T. D'Auria*, assistant attorney general, with whom were *Jose A. Suarez*, assistant attorney general, and, on the brief, *Richard Blumenthal*, attorney general, and *Carolyn K. Querijero*, assistant attorney general, for the appellant (petitioner).

*Robert D. Zaslow*, for the minor children.

*Opinion*

MIHALAKOS, J. The petitioner, the commissioner of children and families (commissioner), appeals from the judgments rendered following the trial court's granting of the minor children's motions to strike the neglect petitions filed by the commissioner against the respondent parents. The commissioner claims that the court improperly granted the motions to strike the neglect petitions. We reverse the judgments of the trial court.

The following facts and procedural history are relevant to our disposition of the appeal. This case involves the respondent parents and their minor children, Eileen and Michael. The respondent mother's two children from a previous marriage lived with the respondents after the respondents' marriage. The family's contact with the department of children and families (department) began in 1989, when allegations were made that the respondent father had physically abused his eleven year old stepson, S. The case was closed when the family complied with treatment services.

When S was sixteen years old, he told the respondent mother, on two separate occasions, that the respondent father had been sexually abusing him for the past ten years. The mother, however, did nothing to protect S from further abuse and told him not to tell anyone or

to report this information. S subsequently moved out of his mother's home and into the home of his biological father.[1] In January, 1998, the department received a referral from Robin Grant-Fall, a child psychologist and S's therapist, alleging that S had disclosed that, from the time he was six years old until he was sixteen years old, he had been sexually abused by the respondent father. Criminal charges were brought against the respondent father for sexual abuse. The respondent father was placed on probation and other charges are pending.

The respondent mother informed the department that she was filing for divorce from the respondent father and that she would not allow him access to their biological children, and, therefore, the department closed the file on the family. In May, 1998, however, the department received a report that the respondent father was again residing in the home with the two minor children that are the subject of this appeal, Michael and Eileen.[2] At that time, S indicated to the department that he strongly believed that, if left in the same home with the respondent father, Michael would be at high risk of being sexually abused. The mother, on the other hand, insisted that, because her family was in counseling, there was no reason to be concerned about the respondent father caring for Michael.

On September 4, 1998, the commissioner filed neglect petitions on behalf of Michael and Eileen, alleging that they were being permitted to live under conditions, circumstances or associations injurious to their well-being. On October 10, 1998, the respondent parents filed

---

[1] S's sister, age thirteen, also moved out of her mother's home and into the home of her biological father.

[2] The respondent mother informed the department that the respondent father was only visiting and that his visits were supervised. By September, 1998, however, the department determined that the respondent mother had allowed the respondent father to live in the home with the children.

denials to the neglect petitions. On January 20, 1999, the attorney for the minor children filed motions to strike the neglect petitions, claiming that the petitions were legally insufficient and failed to state claims upon which relief could be granted.

On March 30, 1999, after oral argument, the court granted the motions to strike. On April 7, 1999, the attorney for the minor children filed motions for judgment, which motions were granted by the court on May 4, 1999. On May 21, 1999, the commissioner appealed from the trial court's judgments dismissing the petitions. The commissioner filed a motion in the trial court for articulation on June 14, 1999, which was granted. On July 16, 1999, the court filed an articulation that stated that the petitions were legally insufficient because "the case of neglect . . . at best would have to be based upon 'predictive neglect,' a theory not sanctioned by statute or case law."

The commissioner claims that the court improperly granted the minor children's motions to strike the neglect petitions. We agree.

"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of a complaint for failure to state a claim on which relief can be granted. Practice Book § 10-39. The motion admits all facts that are well pleaded . . . but does not admit legal conclusions or the truth or accuracy of opinions. . . . On a motion to strike, the trial court's inquiry is to ascertain whether the allegations in each count, if proven, would state a claim on which relief could be granted. Practice Book § 10-39 (a). A motion to strike is properly granted if the complaint alleges mere conclusions of law that are not supported by the facts alleged." (Citations omitted.) *Bennett* v. *Connecticut Hospice, Inc.*, 56 Conn. App. 134, 136–37, 741 A.2d 349 (1999), cert. denied, 252 Conn. 938, 747 A.2d 2 (2000).

"The standard of review of a trial court's granting of a motion to strike is well established. Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling on a [motion to strike] is plenary. . . . In an appeal from the granting of a motion to strike, we must read the allegations of the complaint generously to sustain its viability, if possible . . . . We must, therefore, take the facts to be those alleged in the complaint that has been stricken and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) *Sherwood* v. *Danbury Hospital*, 252 Conn. 193, 212–13, 746 A.2d 730 (2000). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) *Pamela B.* v. *Ment*, 244 Conn. 296, 308, 709 A.2d 1089 (1998). "[W]hat is necessarily implied [in an allegation] need not be expressly alleged." (Internal quotation marks omitted.) *Knight* v. *F. L. Roberts & Co.*, 241 Conn. 466, 470–71, 696 A.2d 1249 (1997).

Our statutes clearly permit an adjudication of neglect based on a potential for harm or abuse to occur in the future. General Statutes § 17a-101 (a) provides: "The public policy of this state is: To protect children whose health and welfare *may* be adversely affected through injury and neglect; to strengthen the family and to make the home safe for children by enhancing the parental capacity for good child care; to provide a temporary or permanent nurturing and safe environment for children when necessary; and for these purposes to require the reporting of *suspected* child abuse, investigation of such reports by a social agency, and provision of services, where needed, to such child and family." (Emphasis added.) By its terms, § 17a-101 (a) connotes a responsi-

bility on the state's behalf to act before the actual occurrence of injury or neglect has taken place.

General Statutes § 46b-120 (8) provides that "a child or youth may be found 'neglected' who . . . (C) is being permitted to live under conditions, circumstances or associations injurious to his well-being . . . ." The department, pursuant to the statute, need not wait until a child is actually harmed before intervening to protect that child. General Statutes § 46b-129 (b) permits the removal of a child from the home by the department when "there is reasonable cause to believe that (1) the child . . . is in immediate physical danger from his surroundings and (2) that as a result of said conditions, the child's safety is endangered and immediate removal from such surroundings is necessary to ensure the child's safety . . . ." This statute clearly contemplates a situation where harm could occur but has not actually occurred.

Our statutes clearly and explicitly recognize the state's authority to act before harm occurs to protect children whose health and welfare may be adversely affected and not just children whose welfare has been affected. The commissioner need not show, but need simply allege, that there is a potential for harm to occur. That was done in this case. Here, the petitions alleged that the respondent father had a history of sexual abuse of a minor who was living with him. The petitions also allege that he currently resides with the respondent mother and their children and that the mother had knowledge of such abuse in the past and did nothing to remedy the situation. Taking these facts as true, as we must in our review of the trial court's granting of a motion to strike; see *Bell* v. *Board of Education*, 55 Conn. App. 400, 402, 739 A.2d 321 (1999); we conclude that the petitions sufficiently alleged at least a potential for sexual abuse to occur in the near future. An adjudication of neglect may be based on a potential risk of

harm and not just actual harm. See *In re Kelly S.*, 29 Conn. App. 600, 612, 616 A.2d 1161 (1992). The neglect petitions, therefore, were legally sufficient to state claims of neglect on which relief could be granted, and the court improperly granted the minor children's motions to the strike the neglect petitions.

The judgments are reversed and the cases are remanded for further proceedings.

In this opinion the other judges concurred.

