[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPORTIONMENT DEFENDANT'S MOTION TO STRIKE
CT Page 2231
The plaintiff, Lawrence LeClair, filed a premises liability action dated July 13, 1999, against the defendant, BankBoston, N.A. (BankBoston), the tenant of the property located at 235 Queen Street, Southington. The complaint alleges that on December 23, 1997, the plaintiff sustained injuries when he was caused to slip and fall on the sidewalk immediately adjacent to BankBoston due to an accumulation of ice and snow. On November 2, 1999, the defendant filed its answer and special defense (# 107).
On December 28, 1999, the defendant/apportionment plaintiff BankBoston filed a two count apportionment complaint against apportionment defendants Robert S. Carlson, the owner of said property (count one) and Grimebusters, Building Cleaners, Inc. (Grimebusters) (count two). Count one of the complaint is not the subject of the present motion, therefore, the court will only address count two. In count two, BankBoston alleges that at all relevant times hereto, Grimebusters was responsible for snow, sleet and ice removal and/or maintenance of the property located at 235 Queen Street (the premises). BankBoston also alleges that if the plaintiff sustained any injuries, they were caused by the negligence of Grimebusters in that it failed to properly maintain or keep the sidewalk in a reasonably safe condition.
Grimebusters filed a motion to strike count two of the apportionment CT Page 2232 complaint (# 118) together with a supporting memorandum. BankBoston timely filed a memorandum in opposition to the motion to strike (# 126). The court heard oral argument at short calendar on June 12, 2000, and now renders this decision.
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of a complaint for failure to state a claim upon which relief can be granted. Practice Book § 10-39. The motion admits all facts that are well pleaded . . . but does not admit legal conclusions or the truth or accuracy of opinions. . . .On a motion to strike, the trial court's inquiry is to ascertain whether the allegations in each count, if proven, would state a claim on which relief could be granted. Practice Book § 10-39(a). A motion to strike is properly granted if the complaint alleges mere conclusions of law that are not supported by the facts alleged." (Internal quotation marks omitted.)In Re Michael D., 58 Conn. App. 119, 122, 752 A.2d 1135 (2000).
Grimebusters moves to strike count two of BankBoston's apportionment complaint on the ground that it fails to state a claim upon which relief may be granted. Specifically, the motion states that, as the tenant in possession of the premises, BankBoston owed the plaintiff a non-delegable duty to keep the premises in a reasonably safe condition for business invitees and, therefore, BankBoston may not seek apportionment from Grimebusters, a contractor hired by BankBoston to perform a non-delegable duty.
On a motion to strike, this court accepts and is limited to all the facts alleged in and reasonably inferred from the challenged count, count two of the apportionment complaint. See Clohessy v. Bachelor, 237 Conn. 31,33, 675 A.2d 852 (1996); Doe v. Marselle, 38 Conn. App. 360, 364,660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835
(1996). A speaking motion to strike imparts facts outside the pleadings; see Liljedahl Brothers, Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
(1990); and will not be granted. See Doe v. Marselle, supra, 364. "Where the legal grounds for a motion to strike are dependant on facts not alleged in [the count at issue] . . . the motion should be denied."Liljedahl Brothers, Inc. v. Grigsby, supra, 348.
Here, Grimebuster's motion solely and improperly relies on BankBoston's status as the tenant and BankBoston's non-delegable duty flowing therefrom to keep the premises reasonably safe for invitees. These facts are not plead in count two of the apportionment complaint and thus, will not be considered by the court. Given that "[o]nly the grounds specified in the motion may be considered"; Neville v. Collaborative Laboratory, Superior Court, judicial district of Hartford at Hartford, Docket No. CT Page 2233 593599 (April 18, 2000, Fineberg, J.); see Blancato v. FeldsparCorporation, 203 Conn. 34, 44, 522 A.2d 1235 (1987); the apportionment defendant Grimebuster's motion to strike the apportionment complaint is denied.
BY THE COURT
Hon. Andre M. Kocay, J.