[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION Re: Motion to Strike #101
Presently before the court is defendant's motion to strike count five of the plaintiff's complaint alleging a violation of the Connecticut CT Page 326 Unfair Trade Practices act.
Said motion should be granted.
On August 16, 2001, Stephen Jalbert, filed a five count complaint against the defendant, Dana Stanziale, alleging that the defendant forced Jalbert to resign from his position at Physique Plus Fitness Center, Ltd. (PPFC) and has wrongfully deprived him of his interest in the company, thereby usurping Jalbert's lifetime investment, interest, and expectation of a fair return with respect to PPFC. Jalbert alleges in count five that Stanziale's actions are in violation of General Statutes § 42-110, the Connecticut Unfair Trade Practices Act (CUTPA). On September 26, 2001, Stanziale filed a motion to strike Jalbert's CUTPA claim on the wound that Jalbert's claim is based upon a purely intracorporate dispute to which CUTPA does not apply.
"For the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,383 n. 2, 650 A.2d 153 (1994); see also Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992); see also In re Michael D.,58 Conn. App. 119, 122, 752 A.2d 1135, cert. denied, 254 Conn. 911,759 A.2d 505 (2000). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.)Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859
(1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., supra, 240 Conn. 580.
The defendant argues in its memorandum in support of its motion to strike that the plaintiff's allegations concern an intracorporate dispute between co-owners of a close corporation, because the defendant did not act against the corporation in favor of another corporation. Because CUTPA is not applicable to purely intracorporate conflicts, the defendant argues that his motion to strike should be wanted.
The plaintiff alleges that the actions of the defendant go far beyond an intracorporate dispute. The plaintiff alleges that the defendant's actions have offended the fundamental principles CUTPA was created to protect.
General Statutes § 42-110b (a) provides, "[n]o person shall engage CT Page 327 in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. The act defines "trade and commerce' as "the advertising, the sale or rent or lease . . . or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." General Statutes § 42-110a (4).
"The Connecticut appellate courts have not decided whether intra-business affairs implicate `trade and commerce' as defined by CUTPA and the Superior Courts are currently split on the issue. The majority of the Superior Courts, however, do not apply CUTPA to intra-business affairs." Leisure Resort Tech. v. Trading Cove, Superior Court, judicial district of Middlesex at Middletown, Docket No. 091180 (October 13, 2000, Gordon, J.). "`The majority of Superior Court case law holds that CUTPA is inapplicable to the internal workings of partnerships. Although there are decisions to the contrary, the reasoning of these majority decisions is persuasive on the court. Since all of the defendants' allegations of the plaintiff's unfair and deceptive acts and practices' occurred within the confines of the partnership, the threshold facts sufficient to constitute a CUTPA claim have not been alleged.'" Diettev. Dental Group of Norwalk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 158747 (February 27, 1998,Lewis, J.), quoting August v. Moran, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 538682 (March 18, 1996,Wagner, J.). "`Superior Courts have taken the view that CUTPA does not apply to: employer/employee relations and to the purchase and sale of securities; . . . the internal business affairs and workings of partnerships; . . . intracompany disputes among shareholders; . . . disputes between officers and shareholders; . . . or to participants in a joint venture.'" (Citations omitted in original.) Sector Management v.Taurus Adv. Group, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 154033 (April 15, 1998, D'Andrea, J.), quotingChila v. Chila, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 140510 (April 3, 1995, D'Andrea, J.). Additionally, the Connecticut Supreme Court has stated that "a claimant under CUTPA must possess at least some type of consumer relationship with the party who allegedly caused harm to him or her." Jackson v. R.G. Whipple, Inc.,225 Conn. 705, 727, 627 A.2d 374 (1993). In the present case, the alleged actions have all occurred within the limits of the corporation and the two parties lack a consumer relationship.
Furthermore, this court has already held in the context of joint ventures that CUTPA is not applicable to the internal affairs of the joint venture. See St. Raphael Healthcare v. Temple Med. Hotel Mgmt.,
Superior Court, judicial district of New Haven, Docket No. 341662 (May 19, 1994, Fracasse, J.). "Conduct of participants in a joint venture CT Page 328 which give rise to claims, controversies and disputes among the participants in the joint venture do not constitute methods of competition or acts or practices in the conduct of a trade commerce within the meaning of § 42-110b (a)." Id.
Some Connecticut courts have held that CUTPA is applicable in certain specific intracorporate situations. "Although purely intracorporate conflicts do not constitute CUTPA violations, actions outside the scope of the employment relationship designed `to usurp business and clientele of one corporation in favor of another . . . fit squarely within the provenance of CUTPA.'" Ostrowski v. Avery, 243 Conn. 355, 379, 703 A.2d 117
(1997), quoting Fink v. Golenbock, 238 Conn. 183, 212, 680 A.2d 1243
(1996). This CUTPA exception to intracorporate disputes is not applicable in the present case because Stanziale's alleged actions did not place another corporation's interests against the interests of PPFC. Even if, as Jalbert alleges in the complaint, Stanziale's actions usurped Jalbert's lifetime investment, interest and expectation of a fair return with respect to PPFC, Stanziale's actions do not qualify as anything more than an intracorporate dispute, which does not constitute a CUTPA violation. Stanziale's actions occurred within the limits of the corporation, and, as previously noted, CUTPA is only applicable in situations where a partner or co-owner has acted contrary to the partnership or corporation's best interest and in favor of another partnership or corporation.
Accordingly, defendant's motion to strike is granted.
Ronald J. Fracasse, Judge CT Page 329