[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The defendant, GAF Materials, Corp., has moved to strike the complaint that has been filed by the plaintiff, Michael Montanaro. For the reasons stated below, the motion is denied.
The plaintiff, Michael Montanaro, filed a one count substituted complaint, on August 27, 2001.[1] In this complaint, the plaintiff asserts a product liability claim against the defendant, GAF Materials Corp., under the Connecticut Products Liability Act (CPLA), General Statutes § 52-572m et seq. The plaintiff alleges that the defendant manufactures roof shingles, that the defendant's shingles were installed CT Page 1492 on the roof of a building he owns, that the shingles were defective and were the proximate cause of damage to the building, and that the shingles are a product as that term is defined by General Statutes § 52-572m. The plaintiff further alleges that the defendant is liable to him by virtue of the CPLA on the underlying theories of negligence, breach of implied warranty of merchantability, and breach of an express warranty.
The defendant filed a motion to strike the substituted complaint on October 1, 2001, accompanied by a memorandum of law. On October 19, 2001, the plaintiff filed a memorandum in opposition.
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of a complaint for failure to state a claim on which relief can be granted. . . . On a motion to strike, the trial court's inquiry is to ascertain whether the allegations in each count, if proven, would state a claim on which relief may be granted." (Citation omitted; internal quotation marks omitted.) In re Michael D.,58 Conn. App. 119, 122, 752 A.2d 1135 (1998), cert. denied, 245 Conn. 911,759 A.2d 505 (2000). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Jewish Home for the Elderly of FairfieldCounty, Inc. v. Cantore, 257 Conn. 531, 538, 778 A.2d 93 (2001). In ruling on a motion to strike, "[t]he role of the trial court is to examine [the complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985).
The defendant moves to strike the substituted complaint in its entirety on the ground that the plaintiff fails to adequately plead cognizable theories of liability under both the Connecticut common law and the CPLA. In support of its motion, the defendant argues that in order to sustain a CPLA claim, the plaintiff must plead a single CPLA count containing all the statutory elements of a CPLA claim and all the elements of the underlying common law theories of liability. The plaintiff counters that he used the Connecticut Practice Book, form 804.7, in drafting the substituted complaint and that all the requisite elements are present therein.
The CPLA is contained in General Statutes § 52-572 et seq. General Statutes § 52-572m (b) defines a product liability claim as "all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, CT Page 1493 assembly, installation . . . of any product. `Product liability claim' shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent." "The essential elements of this new statutory cause of action are not explicitly listed or described in the CPLA. Even so, our Supreme and Appellate Courts have identified them as follows. First, since the CPLA `provides only that it is the exclusive remedy for claims against product sellers [,]' Burkert v.Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 73, [579 A.2d 26] (1990), the plaintiff must plead and prove that at all times relevant to his action, the defendant was a "product seller' within the meaning of the Act." Bobryk v. Lincoln Amusements, Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 547084 (January 5, 1996, Sheldon, J.) (15 Conn.L.Rptr. 617, 618.)" A `product seller' in a product liability case is defined in General Statutes § 52-572m
(a) as `any person or entity, including a manufacturer . . . who isengaged in the business of selling such products whether the sale is for resale or for use or consumption. . . .'" (Emphasis in original.) Paulv. McPhee Electrical Contractors, 46 Conn. App. 18, 23, 698 A.2d 354
(1997).[2]
"Second, because the CPLA governs the statutory liability of product sellers `for harm caused by a product', General Statutes § 52-572n
(a), the plaintiff must plead and prove that the item which caused him harm was in fact the defendant's `product' within the meaning the Act. Though the act does not expressly define the term `product' its . . . definition of a `product seller' provides persuasive evidence that for the purpose of the Act, a `product' is any item, thing or commodity which, upon acquiring its physical existence and identity, through the process of manufacture or otherwise, is put in the stream of commerce either by sale, for use, consumption or resale, or by lease or bailment. To properly state a cause of action under the CPLA, a plaintiff must therefore allege facts which, if proved at trial, will establish that the thing which caused him harm was a thing which the defendant. sold, leased or bailed to or any person, and thereby placed in the stream of commerce. . . . [F]inally, to ensure that product sellers are not made liable for defects which their products acquired after they put them in the stream of commerce, the plaintiff must plead and prove that the product was expected to and did reach its ultimate user or consumer in substantially the same condition as that in which it was sold, leased or bailed by the defendant product seller." Bobryk v. Lincoln Amusements,Inc., supra, 15 Conn.L.Rptr. 619.; see also Goldstein v. NutritionNow, Inc., Superior Court, judicial district of Waterbury, Docket No. 150429 (August 23, 1999, Sheldon, J.) (25 Conn.L.Rptr. 447.) CT Page 1494
In his substituted complaint, the plaintiff pleads 1) "[t]he defendant is in the business of manufacturing roof shingles and is a "manufacturer' as defined by C.G.S.A. 52-572m"; 2) "[t]he defendant's product, roof shingles, is a "product' as defined by C.G.S.A. 52-572m . . ." 3) the shingles were defective and "[t]he defective shingles were the proximate cause of damage to indoor areas of the building. . . . [t]he reasonable cost of repairing the damage the value of the goods lost was $45,000.00"; and 4) "[t]he product in question was not altered or modified in any way by the plaintiff from the condition in which it was manufactured and sold by the defendants." These allegations satisfy the pleading requirements of a CPLA claim as set forth above.
The defendant also asserts that the complaint should be stricken because the plaintiff has not pleaded all the necessary elements of the underlying common law claims of negligence and breach of warranty, which, it contends, are necessary to support a CPLA claim. General Statutes § 52-572n (a) provides: "A product liability claim as provided in sections . . . 52-572m . . . may be asserted and shall be inlieu of all other claims against product sellers including actions of negligence, strict liability, and warranty, for harm caused by a product." (Emphasis added.) The legislature's intent in passing the CPLA was to abolish multiple count complaints and extensive pleading in product liability actions based on negligence, warranty, contract and strict liability. Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 470,562 A.2d 517 (1989). In the commentary on the act, Senator Salvatore C. DePiano, one of its sponsors, stated, "`what we're really abolishing is the various causes of action that have been brought in cases which we normally would call products liability cases. For example, the theory of strict liability, warranty, negligence and contract . . . would all be now merged into one cause of action which has been created by statute.'" Id., 470. "Though these statutes can be read to suggest that in an action against a product seller for harm caused by a product, all common-law causes of action remain viable, but must be pleaded, in the alternative, in a single, consolidated count of the plaintiff's complaint, our Supreme Court has authoritatively construed them otherwise. Thus in Winslow v.Lewis-Shepard, Inc., 212 Conn. 462, 465-71 (1989), where this very issue was raised and decided, the Court relied principally upon the legislative history of the CPLA to hold that as to product sellers, the Act abolished all commonlaw causes of action to recover damages for injuries caused by harmful products, and replaced them with a new statutory cause of action which is now "the exclusive remedy for claims falling within its scope.'"Bobryk v. Lincoln Amusements, Inc., supra, 15 Conn.L.Rptr. 618. "The legislature clearly intended to make our products liability act an exclusive remedy for claims falling within its scope." Winslow v.Lewis-Shepard, Inc., supra, 212 Conn. 471. CT Page 1495
Accordingly, the defendant's argument that the plaintiff must allege the elements of negligence and breach of warranty is incorrect.[3] As discussed above, the legislature's intent was to remove the extensive pleading and form a new cause of action encompassing the theories of strict liability, breach of warranty and negligence, making it unnecessary for a plaintiff to plead the specific elements of the underlying theories. See Shaw v. Jason Soda Systems, Superior Court, judicial district of New Haven at New Haven, Docket No. 402436 (September 18, 1998, Zoarski, J.) (court ruled that "[w]hat the [act] prevents is the inclusion of a separate common law claim alleging conduct which is covered by the act.").
For the foregoing reasons, the court concludes that the plaintiff has sufficiently pleaded a CPLA claim in his substituted complaint. The defendant's motion to strike is denied.
THIM, J.