[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE, #109
The plaintiff, Athan Crist, filed an amended eleven count complaint on December 13, 2001, against the defendants, O'Keefe Associates, O'Keefe Associates, Inc., John O'Keefe Associates, Inc., John O'Keefe, Katherine O'Keefe, and Paul Sampson. In counts one through four, the plaintiff asserts claims against O'Keefe Associates, O'Keefe 
Associates, Inc., and John O'Keefe Associates for breach of written contract, breach of contract, breach of implied contract, and estoppel. In counts five through eleven, the plaintiff asserts claims against all the defendants for failure to pay the plaintiff for his work pursuant to General Statutes § 31-72 et seq., failure to pay the plaintiff for overtime pursuant to General Statutes § 31-76, negligent misrepresentation, intentional misrepresentation, invasion of privacy by false light, unjust enrichment, and injunctive relief, respectively.
The plaintiff alleges the following facts in the amended complaint. The plaintiff worked for the defendants as a recruiter for a seven year period. He was an employee and not an independent contractor. The terms of the plaintiffs employment are set forth in an agreement dated April 4, 1994. The plaintiff alleges that the defendants and or its agents, pursuant to this agreement, were to pay the plaintiff a commission of 0.25 percent on all of his new business and 0.25 percent on his placements. In addition, the plaintiff alleges that the defendants agreed to provide him with his share of support and assistance payments. The plaintiff alleges that starting in 1995 and 1996, the defendants breached the agreement by manipulating sales so that the plaintiff would not receive his full commission and that their actions deprived him of his fair share of CT Page 5773 support and assistance payments. In addition, the plaintiff alleges that the defendants stopped payment on certain expense and commission checks that they issued to him. The plaintiff also alleges that he demanded the money that is due him and that the defendants refused to pay him. Moreover, the plaintiff contends that the defendants participated in fraudulent practices such as: sending duplicate bills with the plaintiffs name on them to clients and sending bills for work which the plaintiff had not done to as many as five different clients of the firm.
The defendants moved to strike counts two through eleven on the grounds that the plaintiff failed to allege sufficient facts upon which relief may be granted.
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of a complaint for failure to state a claim on which relief can be granted. . . . On a motion to strike, the trial court's inquiry is to ascertain whether the allegations in each count, if proven, would state a claim on which relief may be granted." (Citation omitted; internal quotation marks omitted.) In re Michael D,58 Conn. App. 119, 122, 752 A.2d 1135 (1998), cert. denied, 254 Conn. 911,759 A.2d 505 (2000). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Jewish Home for the Elderly of FairfieldCounty, Inc. v. Cantore, 257 Conn. 531, 538, 778 A.2d 93 (2001). In ruling on a motion to strike, "[t]he role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). A motion to strike "does not admit legal conclusions or the truth or accuracy ofopinions stated in the pleadings." (Emphasis in original.) Mingachos v.CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985).
The defendants contend that counts two, three, four, seven, eight and ten should be stricken because in count one, the plaintiff alleges that an express contract exists and applies to the parties relationship and because of this, the law does not permit the plaintiff to utilize the quasi-contract theories the plaintiff advances in the above counts. Further, the defendants assert that count nine should be stricken because the plaintiff has failed to state a proper claim for invasion of privacy by false light. The defendants also assert that the plaintiffs claim for injunctive relief in count eleven should be stricken because the plaintiff seeks this relief based on "information and belief" that at some unspecified time and in some unspecified way, the defendants will make false statements about him. Also, the defendants assert that counts five and six in which the plaintiff asserts statutory employment related CT Page 5774 claims are inapplicable because the plaintiff is not an employee, but rather an independent contractor. In the alternative, the defendants assert that the plaintiffs claims against the individual defendants should be stricken on the ground that the plaintiff has failed to allege sufficient facts to demonstrate their potential liability.
The plaintiff counters arguing that counts two, three, four, seven, eight and ten are pleaded in the alternative to other counts and that he is entitled to plead inconsistent, alternative theories under the Practice Book § 10-25 and Connecticut case law. Further, the plaintiff asserts that counts five and six should not be stricken as he alleges he was employed by the defendants and not an independent contractor. Also, the plaintiff asserts that this distinction is immaterial because the statutes he relies upon apply equally to both employees and independent contractors. The plaintiff further argues that he has alleged all the elements of an invasion of privacy by false light claim and that he has sufficiently pleaded the elements for an injunctive relief claim. As to the liability of the individual defendants, the plaintiff argues that by statute, the defendants, as owners, principals, officers and directors of the corporate defendant, possessed ultimate control to set the hours that the plaintiff worked, and pay him for his work, which is sufficient to state a claim against them under General Statutes § 31-72 and § 31-76.
As to the defendants' first argument, "[u]nder our pleading practice, a plaintiff is permitted to advance alternative and even inconsistent theories of liability against one or more defendants in a single complaint." Dreier v. Upjohn Co., 196 Conn. 242, 245, 492 A.2d 164
(1985). "Our laws formerly cast on the plaintiff the duty of construing his rights with respect to the form in which they ought to be brought before the court, and the relief to which he might be entitled, at the risk of losing everything if he mistook his remedy. The Practice Act enables him . . . to throw this duty of construction upon the court. It is enough for him to tell his story as plainly and concisely as may be, and to state the different kinds of relief, one of which he thinks he may fairly claim." (Internal quotation marks omitted.) Id., 246.
The defendants argue that the plaintiff in not entitled to plead quasi-contract theories because he has pleaded breach of an express contract in the first count. The defendants argue that by pleading that an express contract exists, the plaintiff has no recourse in quasi-contract remedies and he must rely upon the contract alleged. The defendants rely on Rosick v. Equipment Maintenance Service, Inc.,33 Conn. App. 25, 37, 632 A.2d 1134 (1993), wherein the court stated that an "implied contract can only exist where there is no express one". (Internal quotation marks omitted.) The defendants' reliance on this case CT Page 5775 is misplaced. In Foote v. Shea, Superior Court, judicial district of New London, Docket No. 536281 (June 22, 1999, Mihalakos, J.), the court explained that the statement, ""an implied contract can only exist where there is no express one', `means only that two parties may not simultaneously have an express and implied agreement with one another'". In the above case, as in the present case, the plaintiff pleaded breach of express contract and breach of implied contract as alternative causes of action. The court ruled that the plaintiff was entitled to plead alternative theories of liability. Further, "[w]hether and on what terms a contractual commitment has been undertaken are ultimately questions of fact for the trier of facts." (Internal quotation marks omitted.) Sivillav. Philips Medical Systems of North America, Inc., 46 Conn. App. 699,708, 700 A.2d 1179 (1997).
The defendants rely on the same proposition to assert that the plaintiffs claims of promissory estoppel, unjust enrichment, negligent misrepresentation and intentional misrepresentation cannot stand. Case law, however, suggests otherwise. See Dreier v. Upjohn Co., supra,196 Conn. 245., (court ruled claims of breach of an express contract and those of unjust enrichment based on quasi-contract are allowable in one complaint as alternative theories of recovery.); Gilbane Building Co. v.Stamford Towers Limited Partnership, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 118788 (September 14, 1993,Lewis, J.), (court ruled plaintiff may plead alternative remedies even though she may not recover under both.); Williams Ford, Inc. v. HartfordCourant Co., 232 Conn. 559, 579, 657 A.2d 212 (1995) (court ruled plaintiff not barred from pursuing a negligence claim solely because he also might have a breach of contract claim).
In his amended complaint, the plaintiff expressly states that counts two, three, four, and ten are "in the alternative to . . .". Furthermore, the plaintiff alleges additional facts within each count and does not simply incorporate the allegations of the first count and label it as a new theory. The plaintiff is entitled to plead these quasi-contract remedies in the alternative.
The defendants' motion to strike counts two, three, four, seven, eight and ten on the ground that they cannot be asserted because the complaint also contains a claim for breach of contract is denied. The plaintiff has sufficiently pleaded each count in the alternative to other counts alleged.
The defendants also assert that counts five and six, in which the plaintiff asserts claims under § 31-72 et seq. and § 31-76, should be stricken because the plaintiff was not an employee, but an independent contractor as evidenced by the employment agreement signed by the CT Page 5776 plaintiff, which states he is an independent contractor[1]. The defendants argue that the plaintiff has failed to allege any factual claims that support his claim that he was an employee.
The plaintiff also points out that in his complaint, he alleged that "Plaintiff was employed as a recruiter. . . . Plaintiff was an employee, not an independent contractor." (First Amended Complaint, Count One, ¶ 8.) Further, the plaintiff asserts that this classification is irrelevant for the purposes of these statutes.
In counts five and six, the plaintiff has pleaded that the defendants have failed to pay him wages and overtime pursuant to General Statutes §§ 31-72 et seq. and 31-76. In the context of § 31-72, "[t]hat the worker's status is that of an independent contractor rather than an employee is not a distinguishing factor. In Connecticut, moreover, there is a strong public policy in favor of payment of earned compensation." Hoover v. Dunsmore Associates, Ltd, Superior Court, judicial district of New Haven at New Haven, Docket No. 416894 (January 6, 2000, Levin, J.). An employee is defined by the act as "any person suffered or permitted to work by an employer." General Statutes § 31-71
a.
It is clear that the plaintiff has alleged facts that put him within the definition of an employee. The defendants' motion to strike counts five and six is denied.
The defendants move to strike count nine on the ground that the plaintiff fails to state a valid claim for invasion of privacy by false light. The defendants argue that the allegations asserted by the plaintiff are insufficient to sustain this cause of action because they do not amount to a "major misrepresentation" such that "serious offense may be expected to be taken by a reasonable man." The plaintiff counters that he has pleaded all the elements of an invasion of privacy by false light claim and that the offenses alleged, fraudulent billing under the plaintiffs name, are a major misrepresentation to which a reasonable man can be expected to take serious offense.
"The essence of a false light privacy claim is that the matter published concerning the plaintiff (1) is not true . . . and (2) is such a major misrepresentation of his character, history, activities or beliefs that serious offense may reasonably be expected to be taken by a reasonable man in his position." (Internal quotation marks omitted.)Goodrich v. Waterbury Republican-American, 188 Conn. 107, 131,448 A.2d 1317 (1982). "Whether the matter communicated to the public would be `highly offensive' to a reasonable person sufficient to support a false light claim presents a question of fact for the trier of fact." CT Page 5777Mullins v. Southington, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 047950 (June 24, 1998, Stengel, J.)
The plaintiff has alleged that duplicate bills were sent to as many as five of his clients in an effort to collect the same expenses numerous times. The plaintiff further alleges that his name appeared on these bills, without his participation in the double-billing practice, and that he never received any of the money which was fraudulently collected. The plaintiff also alleges that the defendants sent bills to his clients for work which had not been performed and that the sending of these bills placed the plaintiff in a false light with the clients as a person who participated in a fraudulent activity. Further, the plaintiff alleges that this action by the defendants was highly offensive and damaging to his reputation. The plaintiff has alleged all the necessary elements of a claim for invasion of privacy by false light. The defendant's motion to strike count nine is denied.
The defendants move to strike count eleven, injunctive relief, on the ground that the plaintiffs belief that harm may occur is baseless. The defendants argue that the plaintiff has failed to allege any substantial facts which would require injunctive relief. The plaintiff counters by arguing that he is not required to allege current injury, but only that an injury is likely to occur unless enjoined.
"The extraordinary nature of injunctive relief requires that the harm complained of is occurring or will occur if the injunction is not granted. Although an absolute certainty is not required, it must appear that there is a substantial probability that but for the issuance of the injunction, the party seeking it will suffer irreparable harm."Woodbridge Care LLC v. Englebrecht Griffin Architech, P.C., Superior Court, judicial district of New Haven at New Haven, Docket No. 396811 (March 27, 1997, Hodgson, J.)
The plaintiff alleges irreparable harm may be caused by the defendants relocation to another state, by the possibility that his reputation as a recruiter may be harmed as a result of the false statements the defendants made to his actual and potential clients, and by the possibility that the defendants may destroy documents in an attempt to frustrate this action. These allegations are sufficient to support a claim for injunctive relief. The defendants' motion to strike count eleven is denied.
In the alternative, the defendants assert that the plaintiffs claims for failure to pay the plaintiff for his work, failure to pay the plaintiff overtime, negligent misrepresentation, intentional misrepresentation, and injunctive relief against the individual CT Page 5778 defendants, John O'Keefe, Katherine O'Keefe and Paul Sampson, be stricken because the plaintiff was not employed by these defendants and therefore, they cannot be liable to him. The defendants also assert that Paul Sampson cannot be held liable because he does not yet own O'Keefe 
Associates, and therefore, he cannot be said to be in control. Further, the defendants claim that the plaintiff has stated in his pleadings that John O'Keefe was the founder, chairmen, CEO and sole owner of O'Keefe 
Associates, therefore the allegations against Katherine O'Keefe cannot stand. Finally, the defendants assert that the allegations against John O'Keefe are devoid of any facts which would allow the court to pierce the corporate veil.
The plaintiff counters by arguing that the claims he made against the individual defendants in counts five, six, seven, eight, and eleven, concern things which are under the control and authority of the individual defendants and that the defendants personally participated in the torts he alleges in counts seven and eight.
"[A]n individual personally can be liable as an employer pursuant to § 31-72, notwithstanding the fact that a corporation is also an employer of the claimant, if the individual is the ultimate responsible authority to set the hours of employment and to pay wages and is specific cause of the wage violation." Butler v. Hartford Technical Institute,Inc., 243 Conn. 454, 463-64, 704 A.2d 222 (1997). Moreover, it is not necessary for the court to pierce the corporate veil in order to find John O'Keefe liable for violating a wage payment statute. See Petronellav. Venture Partners, Ltd., 60 Conn. App. 205, 214, 758 A.2d 869 (2000), cert. dismissed, 258 Conn. 453, 782 A.2d 97 (2001). "Where . . . an agent or officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is liable to third persons injured thereby." Scribner v. O'Brien, Inc., 169 Conn. 389,404, 363 A.2d 160 (1975). "It is black letter law that an officer of a corporation who commits a tort is personally liable to the victim regardless of whether the corporation itself is liable." Kilduff v.Adams, Inc., 219 Conn. 314, 331-32, 593 A.2d 478 (1991).
The plaintiff alleges that the individual defendants stopped payment on a commission check issued to him, made deductions from his pay without authorization, made representations that he would be paid a certain commission percentage, and manipulated sales so he would not receive credit and payments due him. The plaintiff further alleges that the individual defendants, John O'Keefe and Katherine O'Keefe were the owners, principals, officers and directors of O'Keefe and Associates and that the defendant Paul Sampson was the president and a principal of O'Keefe and Associates. CT Page 5779
The defendants' motion to strike counts five, six, seven, eight, and eleven as to the liability of the individual defendants is denied as the plaintiff has sufficiently pleaded his claims against them. The plaintiff alleges that he was an employee and not an independent contractor, therefore liability may attach to the individual defendants if it is found that they were in control, possession or authority of the ability to pay wages, set hours, etc.
The defendants' motion to strike is denied as to all counts.
___________________ GALLAGHER, J.