[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff association brought an application for temporary and permanent injunction against the Town of Stratford, its Town Manager and Tree Warden, the State of Connecticut Department of Transportation, and the John J. Brennan Construction Company, Inc. The complaint alleges that on March 14, 2001, the town of Stratford acting by and through its town manager entered into a contract with the State of Connecticut Department of Transportation for the removal of trees and widening of the town roadway known as Broadbridge Avenue in Stratford, Connecticut. On January 3, 2002, the State awarded the contract to the Brennan Construction Company as general contractor on the project for the reconstruction of Broadbridge Avenue. The complaint further alleges that the tree warden posted removal notices on certain trees along Broadbridge Avenue. The town council passed a resolution suspending the project on March 11, 2002, and later passed another resolution on March 25, 2002 reinstating the project. On April 4, 2002, property owners owning 51% of the aggregate footage of the property abutting Broadbridge Avenue petitioned the town council to hold a public hearing as provided in Sections 186-2 and 186-3 of the ordinance. A hearing was not held in accordance with the ordinance. CT Page 5536
The plaintiff alleges that the town and town council are acting in excess of their powers and authority by proceeding with the project without a hearing. The plaintiff also alleges that the tree warden did not hold a hearing pursuant to Section 23-29 of the Connecticut General Statutes as he was compelled to do after the property owners filed appeals and objections pursuant to said statute.[1] The plaintiff claims that there was no public hearing in accordance with the town ordinance scheduled, and although a public hearing was scheduled for April 11, 2002 for the tree removal, some of the tress were not being considered in that hearing in violation of C.G.S. § 23-29. The plaintiff claims that the defendants are acting in a manner that denies plaintiff and its members its rights of procedural due process guaranteed under the law and that as a further result of the actions of the defendants, the plaintiff and its members will suffer irreparable harm and have no adequate remedy at law.
The State has moved to dismiss the case against it on the ground that the court lacks subject matter jurisdiction for two reasons: 1) the State is immune from suit by virtue of the doctrine of sovereign immunity; and 2) the plaintiff has failed to exhaust administrative remedies. The defendant, John J. Brennan Construction Company, Inc. filed a motion to join and adopt the State's motion to dismiss and supporting papers. The Town joined that portion of the State's motion to dismiss for failure to exhaust administrative remedies and for mootness. The Town later supplemented the State's motion to dismiss for failure to exhaust administrative remedies claiming that the plaintiffs claim that the Town failed to hold a hearing pursuant to Connecticut General Statutes §23-59 is moot because the statutory hearing was held on April 11, 2002[2]; and the plaintiffs claim that the Town failed to hold a hearing pursuant to § 186-2 of the code of the Town of Stratford fails to state a claim for which relief can be granted because the ordinance does not apply to plaintiffs attempts to halt a road improvement project. The town claims that the cited ordinance applies to the reverse situation; it concerns town council motions and abutting property owner petitions "Proposing or requesting that any (town) street or highway be opened, graded, constructed or improved."
 DISCUSSION
The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of a complaint for failure to state a claim on which relief can be granted. . . . On a motion to strike, the trial court's inquiry is to ascertain whether the allegations in each count, if proven, would state a claim on which relief may be granted." (Citation omitted; internal quotation marks omitted.) In re Michael D,58 Conn. App. 119, 122, 752 A.2d 1135 (1998), cert. denied, 254 Conn. 911,759 A.2d 505 (2000). "[I]f facts provable in the complaint would support CT Page 5537 a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Jewish Home for the Elderly of FairfieldCounty, Inc. v. Cantore, 257 Conn. 531, 538, 778 A.2d 93 (2001). In ruling on a motion to strike, "[t]he role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). A motion to strike "does not admit legal conclusions or the truth or accuracy ofopinions stated in the pleadings." (Emphasis in original.) Mingachos v.CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985).
The plaintiff argues that the state is not immune from suit by virtue of sovereign immunity because the situation involves one or more of the three recognized exceptions to the doctrine of sovereign immunity in which a suit against the state or its officials may be brought. The plaintiff claims that the complaint pleads a cause of action under 22-16
of the Connecticut General Statutes which does permit a direct cause of action against the state for unreasonable destruction of the public trust in natural resources. The plaintiff argues that § 22a-16 of the General Statutes applies to this case because in paragraphs 16 and 18 of the complaint the plaintiff alleges that the defendants are acting in a manner that denies the plaintiff and its members its rights of procedural due process guaranteed under the law by virtue of the tree removal in violation of C.G.S. § 23-29. This court will not entertain this argument. First, statutes in derogation of sovereign immunity are to be construed narrowly. Section 22a-16 of the Connecticut General Statutes permits a direct cause of action against the state but provides that where the state is the defendant, such action shall be brought in the Judicial District of Hartford-New Britain for declaratory and equitable relief against the state, any political subdivision thereof, etc. "[W]hen the state waives sovereign immunity by statute a party attempting to sue under the legislative exception must come clearly within its provisions, because statutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed." Babes v. Bennett, 247 Conn. 256, 262,263-65. Furthermore, "[w]here there is any doubt about the meaning or intent of a statute in derogation of sovereign immunity, it is given the effect which makes the least rather than the most change in sovereign immunity." Babes v. Bennett, supra., 247 Conn. 262. In addition, the complaint does not contain allegations sufficient to bring it under 22a-16
of the Connecticut General Statutes.[3]
The plaintiff alleges that the Department of Transportation, acting by and through the town, has violated plaintiffs constitutional rights of due process under the law. However, the plaintiff has not argued that the CT Page 5538 defendants' actions have resulted in any taking of any property that belongs to the plaintiff or its members. Procedural due process does not exist in a vacuum. The plaintiff alleges no property interest to which procedural due process rights attach. Therefore, plaintiffs argument that the defendants have violated its constitutional rights fails as an exception to sovereign immunity.
Finally, the plaintiff alleges that the Department of Transportation has consented to be sued by virtue of the provisions of its agreement with the town. The state is immune from suit unless it consents to be sued. Capers v. Lee, 239 Conn. 265, 267n. 3, 684 A.2d 696 (1996); Lacassev. Burns 214 Conn. 464, 468, 572 A. 2nd 357 (1990). "Sovereign immunity may be waived only through a statute." Struckman v. Burns, 205 Conn. 542,558, 534 A.2d 888 (1987). Therefore, only through appropriate legislation, may the General Assembly "waive the states s sovereign immunity from suit and authorize suits against the state." (Internal quotation marks omitted.) White v. Burns, 213 Conn. 307, 312, 567 A. 2nd
1195 (1990). Additionally, the general assembly, in waiving sovereign immunity, must "[provide] clear intention to that effect, [which] is disclosed by the use of express terms or by force of a necessary implication." Babes v. Bennett, supra 247 Conn. 262; see also Hunte v.Blumenthal, 238 Conn. 146, 168, 680 A. 2nd 1231 (1996) (Callahan, J., dissenting). "It is a matter for the legislature, not this court, to determine when our state's sovereign immunity should be waived."Struckman v. Burns. 205 Conn. 542, 558, 534 A. 2nd 888 (1987). The state's contract with the Town of Stratford does not by itself remove the cloak of sovereign immunity.
The plaintiff argues that Brennan cannot benefit from any claim of sovereign immunity enjoyed by the State. The court disagrees. Under the circumstances existing in the instant case and for purposes of this action, Brennan must be viewed in the same light as is the state. It would defy credulity to hold that the state is immune from suit in this particular case but that Brennan is not since the plaintiff seeks to enjoin activity that the state could not accomplish without Brennan. In this sense, Brennan is an agent of the state.
The defendant's claim the plaintiff failed to exhaust its available administrative remedies. With respect to its claim pursuant to § 23-59
of the General Statutes, the plaintiff argues that it did in fact file an administrative appeal from inaction by the tree warden. The plaintiff argues, however, that, having filed its appeal from the administrative decision of the tree warden, it may seek injunctive relief in this court. This court disagrees with plaintiffs assertion. Any application for injunction should be filed in the case in which the appeal from the administrative decision was taken. CT Page 5539
Finally, the complaint alleges that the town acted unlawfully in failing to hold a public hearing as required by the town ordinance § 186-1[4] and 186-2[5] which provide for a public hearing "shall" be scheduled with a certain number of property members along the affected project area file a petition. The defendants argue that § 186-1 and 186-2 of the Stratford ordinance does not apply. The court agrees that the ordinance sections cited by the plaintiff deal with situations in which residents of the town are petitioning for the improvement of roads. The situation indicated in the complaint is quite different in that the plaintiff is seeking to halt a State of Connecticut Department of Transportation road widening project.
The allegations in the complaint are insufficient to state a claim upon which relief can be granted. The defendants' motion to dismiss is granted.
 ___________________ GALLAGHER, JUDGE