[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON RESPONDENT MOTHER'S MOTION TO STRIKE
Pursuant to Practice Book Section 10-39, the respondent mother, Sarah D., has moved to strike one of the grounds alleged in Section III of a petition to terminate her parental rights filed by the commissioner of the department of children and families. Respondent mother claims that the allegations embodied in the petition and accompanying Summary of Facts are legally insufficient to support termination of parental rights under ground 17a-112 (j)(3)(C), "acts of commission or omission." The petitioner objects to the striking of ground (C). For the reasons stated below, the motion to strike is granted.
A motion to strike may be used to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief may be granted. The moving party admits all facts well pleaded but does not admit legal conclusions of the truth or accuracy of opinions stated in the pleadings. RK Constructors Inc. v. Fusco Corp., 231 Conn. 381, 383
n. 2, 650 A.2d 153 (1994); Mingachos v. CVS, Inc., 196 Conn. 91, 108,491 A.2d 386 (1985). In deciding the motion, the court must take the facts alleged to be true and construe the allegations in the manner most favorable to the non-moving party. If facts provable in the complaint would support a cause of action, the motion to strike must be denied.Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
CT Page 8203-ff (1997); Blancato v. Feldspar Corp., 203 Conn. 34, 36, 522 A.2d 1235
(1993).
The petition filed in this case complies with Practice Book Rule 32-1 (a). It sets forth, with reasonable particularity, including statutory references, the specific conditions which the petitioner claims have resulted in the situation justifying termination of parental rights. It is accompanied by a summary of facts in support of the statutory grounds alleged in the petition, which are incorporated by reference into the petition.
With respect to the facts contained in the petition and accompanying summary of facts in support of proof of parental acts of commission or omission, the petitioner has alleged that the respondent mother's history of sexually assaulting her other children, her subsequent conviction and incarceration as a result of those assaults, her failure to address unresolved mental health, sexual offender and substance abuse issues, and her consequent incarceration for violation of criminal probation have denied Lourdes the proper care, guidance and control necessary for her emotional, physical and moral well being. The petitioner maintains that the respondent mother's acts of commission and omission regarding her older children, and her failure to successfully rehabilitate from the issues that led to the termination of her parental rights to them, have denied Lourdes proper care because they resulted in the placement of Lourdes into foster care from the time of her discharge from the hospital. The petitioner claims this deprived Lourdes of a "normal family life with her siblings" and have resulted in Lourdes "being at very high risk for abuse or neglect if places into respondent mother's care."
There is no dispute that Lourdes has never been in the custody or care of her mother. At the time of her birth, the respondent mother was serving time for a violation of probation. Lourdes remained in the hospital after her birth until her placement into foster care.
Construing the allegations in the light most favorable to the petitioner, the court finds that the facts alleged by the petitioner in support of parental acts of omission or commission are legally insufficient.
General Statutes § 17a-112 (j)(3)(C) authorizes the termination of parental rights where "the child has been denied, by reason of an act or acts of parental commission or omission, the care, guidance or control necessary for his physical, educational moral or emotional well-being." In order to meet its burden of proving this ground by clear and CT Page 8203-fg convincing evidence, the petitioner must prove that specific acts of parental commission or omission have caused serious physical or emotional injury to the child. In re Sean H., 24 Conn. App. 135, 144-45,586 A.2d 1171, cert. denied, 218 Conn. 904, 588 A.2d 1978 (1991). This ground ". . . . does not permit the termination of parental rights based on speculation as to what acts may befall a child." In re Kelly S.,29 Conn. App. 600, 614, 616 A.2d 1161 (1992).
Lourdes was born on October 2001. On October 26, 200, Lourdes was placed in the custody and control of the petitioner by court order prior to her discharge from the hospital. Between the date of her birth and her placement, no injury is alleged to have befallen her, either physically or emotionally, as a result of acts of commission or omission by her mother. Lourdes could not have been denied the care, guidance or control necessary for her physical, educational, moral or emotional well-being by reason of parental acts when she was removed from the mother's care almost at the time of her birth, and it would be impossible for the petitioner to produce any probative evidence of its assertion, that, as of the adjudicatory date, October 26, 2001, when Lourdes was just five days old, she "suffered emotionally" because she was deprived of a "normal family life with her siblings."[1]
The cases of In re Kelly S., supra, 29 Conn. App. 614, and In re KeziaM., 33 Conn. App. 12, 20, 632 A.2d 1122 (1993) are on point. In both of those cases, the appellate court concluded that when a child has been in the custody and control of the commissioner since shortly after birth, no injury, as required by ground (C), could have befallen the child as a result of acts of commission or omission by the parents. When "there is no evidence that [the child] has been actually neglected or uncared for by the parents, as [the child] has been since birth either in a hospital or competent foster home," the child cannot have been denied the cafe, custody or control necessary for physical, educational, moral or emotional well-being by reason of parental acts. In re Kelly S., supra,29 Conn. App. 614. See also In re Shannon S., 41 Conn. Sup. 145, 157,562 A.2d 79, aff'd 19 Conn. App. 20, 560 A.2d 993 (1989); In re Luke G.,40 Conn. Sup. 316, 324 (1985).
The petitioner's reliance on In re Michael D., 58 Conn. App. 119, ___ A.2d ___, cert. denied, ___ A.2d ___ (2000) is inapposite, since allegations as to predictive neglect are permissible in neglect and uncared for petitions, the cause of action the trial court struck in the case of Michael D. See In re Valerie D., 223 Conn. 492, 511, 614 A.2d 848
(1992). CT Page 8203-fh
The petitioner's premise that the mother's past actions serve as a justification for termination of her parental rights with respect to this baby are not foreclosed by striking ground (C). Allegations that a parent has had prior rights to other children terminated and has failed to remedy the issues that led to the prior judgment can form the basis for the other ground the petitioner claims in this case, failure to rehabilitate pursuant to General Statutes § 17a-112 (j)(3)(E). On this ground, termination can occur without the child's ever being in the custody of the parent.
Accordingly, the motion to strike the "act of commission or omission" ground is granted. The petitioner is ordered within 15 days of receipt of notice of this decision to file an amended petition.
 ____________________ KELLER, J.